428 A.2d 991

**COMMONWEALTH of Pennsylvania**

v.

**Sam R. PARFITT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed April 20, 1981.

Stephen P. Ellwood, Pottsville, for appellant.

Richard Webb, District Attorney, Jim Thorpe, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

The question before us is whether one who operates a motor vehicle following a period of revocation of his operating privileges but prior to reinstatement of the privilege by way of issuance of a new driver's license can be convicted under § 1543(a) of the Motor Vehicle Code (75 Pa.C.S.A. § 1543(a)). This provision states:

(a) Offense defined.—Any person who drives a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled is guilty of a summary offense and shall upon conviction be sentenced to pay a fine of $200.

On October 11, 1976, the Bureau of Traffic Safety revoked appellant's driving privileges for a period of one year. Appellant was unaware of the term of the revocation until October 14, 1978, when he received notice from the Bureau dated October 12, 1978, advising him that his operating privileges were eligible for restoration effective October 12, 1977. On July 16, 1978, the appellant had been arrested by Summit Hill police on a number of alleged violations, including Section 1543(a). Appellant did not have a valid Pennsylvania driver's license on the date of his arrest. Initially appellant pled guilty to all charges, but upon receiving notice that the revocation period had ended prior to his arrest, he petitioned to withdraw his guilty plea. The lower

court granted his petition, but subsequently found him guilty of the § 1543(a) violation.

Appellant argues that because the period of revocation is for a fixed period, and because the statute makes no mention of the time period between the end of the revocation period and the reissuance of a driver's license, the offense of driving while under revocation includes only the period of actual revocation. We agree.

The corresponding section of the Vehicle Code of 1959, 75 P.S. § 624(6), provided that it was unlawful:

"To operate any motor vehicle or tractor upon the highway of this Commonwealth after the operating privilege is suspended or revoked . . . and before such operating privilege . . . had been reinstated."

It is appellant's contention that a significant change has occurred in that the new Vehicle Code makes no mention of the time period between expiration of the revocation and the time of reinstatement. The Commonwealth argues, and the lower court held, that the new Vehicle Code does not change prior law because operating privileges are not restored automatically following the period of revocation.[1] As stated in the definition of "revoke" under both the 1976 and 1959 Codes: ". . . Following a period of revocation, the license, registration or privilege may not be restored except upon submission and acceptance of a new application." 75 Pa.C. S.A. § 102. Also § 1541(c) of the present Vehicle Code provides:

Any person whose operating privileges has been revoked is not entitled to automatic restoration of the operating privilege. Such person may apply for a license if permitted under the provisions of this chapter and shall be issued

1. This Court has held that a driver must take some affirmative action to have his privilege restored before he can be without liability while his operating privilege is revoked. *Commonwealth v. Moyer*, 310 A.2d 345, 225 Pa.Super. 374 (1973); *Commonwealth v. Ungar*, 151 A.2d 782, 190 Pa.Super. 43 (1959). However, these cases were decided under the 1959 Vehicle Code and thus are not controlling here.

a learner's permit under section 1505 (relating to learners' permits) upon expiration of the revocation.

However, the fact that the appellant must reapply for a license does not alter the fact that the period of his license revocation ended on October 12, 1977, and that § 1543(a) of the 1976 Code does not expressly cover the time period after the revocation period but prior to receipt of a new license. Section 1543(a), being penal in nature, must be strictly construed. 1 Pa.C.S.A. § 1928(b). Therefore, we hold that the appellant cannot be convicted under § 1543(a) where the period of revocation has ended even though his operating privileges have not been reinstated. However, we note that § 1501 of the Motor Vehicle Code (75 Pa.C.S.A. § 1501(d)) makes driving without a valid driver's license a summary offense which, as with a violation of Section 1543(a), carries a possible fine of $200.00.

Judgment of sentence reversed.

PRICE, J., files a dissenting statement.

PRICE, Judge, dissenting:

I respectfully dissent. I would affirm on the opinion of the Honorable John P. Lavelle, President Judge of the Court of Common Pleas of Carbon County.