467 A.2d 384

**COMMONWEALTH of Pennsylvania**

v.

**William D. FAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1983.

Filed Oct. 28, 1983.

Petition for Allowance of Appeal Denied April 2, 1984.

David P. Perkins, Shippensburg, for appellant.

Kevin Adair Hess, First Assistant District Attorney, Carlisle, for Commonwealth, appellee.

400

Before CAVANAUGH, BROSKY and CIRILLO, JJ.

BROSKY, Judge:

This appeal is from the order of judgment of sentence for five counts of driving under a suspended license and one count of driving with a foreign license while under suspension. Appellant argues that he cannot be properly convicted of these crimes when the period of suspension had expired at the time of the alleged violations. He also contends that he did not receive notification of the suspension in the statutorily prescribed manner. We agree with appellant as to the first issue and accordingly reverse.[1]

## I.

The relevant factual background can be briefly summarized. In October of 1979, appellant's license was suspended indefinitely for failure to pay a citation. On December 18, 1979, appellant's license was suspended for a period of six months for a conviction of driving under the influence. The Pennsylvania Department of Transportation considered this six-month period to have begun on January 30, 1980, when appellant surrendered his Pennsylvania license to Arizona authorities to get an Arizona driver's license.[2] Thus, the suspension period had expired and appellant was eligible to take the appropriate steps to obtain his Pennsylvania driver's license as of August 1, 1980. All of the six citations before us here were issued several months after the end of the suspension period—after August 1. Appellant obtained a post-suspension driver's license after the citations involved herein were issued.

## II.

As noted above, appellant argues that he could not be convicted of driving under a suspended license or of driving

1. This disposition makes it unnecessary for us to reach the second issue.

2. An official of that Department testified below that it was their policy to have an indefinite suspension period run with the definite, six month, one. Thus both suspensions would expire at the same time.

with a foreign license while under suspension when the period of the suspension had expired.

He cites for this proposition an opinion of this Court, *Commonwealth v. Parfitt,* 286 Pa.Super. 279, 428 A.2d 991 (1981) (Cavanaugh, J.). *Parfitt* held that an individual could not be convicted of driving under a revoked license for driving after the revocation period had expired and before he had obtained a new license.[3]

> However, the fact that the appellant must reapply for a license does not alter the fact that the period of his license revocation ended on October 12, 1977, and that § 1543(a) of the 1976 Code does not expressly cover the time period after the revocation period but prior to receipt of a new license. Section 1543(a), being penal in nature, must be strictly construed. 1 Pa.C.S.A. § 1928(b).

*Commonwealth v. Parfitt,* supra, 286 Pa.Superior Ct. at 282, 428 A.2d at 993. We note that in *Parfitt* the Court was dealing with one of the same statutes that appellant was convicted of violating, 75 Pa.C.S.A. § 1543(a). "Driving while operating privilege is suspended or revoked."

The court below distinguished *Parfitt* on the following grounds: in order to obtain a post-suspension license one must not only make an application—as one does in obtaining a new post-revocation license—but one must also pay a fee and provide proof of financial responsibility. There is no distinction to be found on this basis. These same requirements apply after a revocation as well as after a suspension. 75 Pa.C.S.A. § 1746.

Further, we find no other theory on which *Parfitt* should not be applied to a suspended license as well as a revoked one.[4]

We conclude, therefore, that one cannot be convicted under 75 Pa.C.S.A. § 1543(a) or under 75 Pa.C.S.A. § 1573 after the period of suspension has expired.

**3.** The Court noted that another offense, driving without a license, was applicable to these circumstances.

**4.** Nor did *Parfitt* itself make any such distinction.

### III.

We are painfully aware that this reasoning mandates the reversal of the instant convictions. To the extent that this result may encourage the cynical belief among offenders that the criminal justice system can be "beaten" by recourse to the appellate courts, we regret the action that we take.

However, such a consideration must not deter us from deciding the cases before us on principles of law. In the case before us the law is clear.

It is not enough to say that the appellant has most probably shown a disrespect for the law; or even that, under these facts, he might have been charged with the violation of other laws.

The only legal question before us is whether he could have been found guilty of the crimes with which he was charged. We have answered this question in the negative.

Order of judgment of sentence reversed.