## Commonwealth v. Arnold

608

*Brendan J. Vanston*, District Attorney, for the Commonwealth.

*David P. Posatko*, for defendant.

GARDNER, *P.J.*, April 24, 1984—Defendant was convicted by District Justice of the Peace Patricia Robinson of Driving While Operating Privileges Suspended, under the provisions of the Vehicle Code, Act of December 15, 1982, P.L. 1268, No. 289, §4(b), 75 Pa.C.S.A. §1543(b).

A timely appeal to this court followed, and, after a hearing de novo, defendant again was found guilty. From this determination defendant has filed a motion for new trial and in arrest of judgment, and it is to a disposition of these motions that this effort is devoted.

The motion in arrest of judgment must be granted.

From the evidence produced at the de novo hearing, we find that defendant had been charged with and convicted of several violations of various sections of the Vehicle Code over a period of approximately eight years. Many of these violations carry automatic suspensions of operating privileges. Included in defendant's list of violations are five separate counts of driving while his operating privilege was suspended, a violation of Section 1543 of the

Vehicle Code, supra. These violations mandate that the additional suspension incurred for the section 1543 violation be tacked to the suspension being served at the time of the violation.

As a result of the repeated violations, defendant had, at one time, amassed as much as suspensions of nearly eight years.

On March 9, 1983, defendant was charged with the instant matter, and there is no dispute that his operating privileges were, in fact, suspended at the time of the incident giving rise to the instant prosecution, but the issue remains as to what suspension was being violated.

At the outset of this discussion, it is important to note that section 1543(b) of the Vehicle Code, supra, being penal in nature, must be strictly construed, Statutory Construction Act of 1972, December 6, No. 290, 1 Pa.C.S.A. § 1928(b), and any ambiguity in the act must be interpreted in favor of the accused and against the prosecution. Commonwealth v. Driscoll, 485 Pa. 99, 401 A.2d 312 (1979).

With this in mind, we turn to the statutory provision involved, which is as follows:

"Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth *at a time when their (sic) operating privileges suspended* or revoked as a condition or acceptance of Accelerated Rehabilitative Disposition *for a* violation of Section 3731 . . . or because of a *violation of Section 1547(b)(1)* . . . shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days." (Emphasis added.)

Tempted as we may be to construe this section against defendant (and his sorry driving record

evokes no mercy) and in accordance with what we perceive to be the legislative intent, we are bound by yet another rule of statutory construction as set forth in section 1921 of the Statutory Construction Act, supra, which provides that "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be diregarded under the pretext of pursuing its spirit."

When viewed in the context of the foregoing discussion, it becomes clear that for the defendant to be found guilty of a violation of Section 1543(b) of the Vehicle Code, supra, in the instant proceeding, the Commonwealth must establish that on March 9, 1983, defendant's driving privileges were suspended because of his violation of one of the specific Vehicle Code provisions set forth in section 1543(b), i.e. section 1547(b)(1) or section 3731.

The certification statement pertaining to defendant and issued by the Pennsylvania Department of Transportation, received in evidence, reveals that the only violation which would subject defendant to the penalties of section 1543(b) was his arrest on November 23, 1979 for refusing to submit a chemical test of his breath. This statement further indicates that the license suspension for that offense was not scheduled to commence until March 29, 1986 because of the cumulative effect of other suspensions imposed upon defendant. A closer analysis of the certification statement discloses that the suspension defendant was supposed to be serving on March 9, 1983, the date of the alleged violation giving rise to the instant prosecution, was for a section 3733 violation on May 15, 1978, which was not one proscribed by the provisions of the statute under which the instant prosecution was brought.

Therefore, we must grant defendant's motion in arrest of judgment. The position we find ourselves in today is not unlike that of the Superior Court in Commonwealth v. Fay, _____ Pa.Super. _____, 467 A.2d 384 (1983), wherein it was stated:

"It is not enough to say that (defendant) has most probably shown a disrespect for the law; or even that, under these facts, he might have been charged with violations of other laws.

"The only legal question before us is whether he could have been found guilty of the crimes with which he was charged. We have answered this question in the negative."

We are bolstered in our decision by a belief that Section 1543(b), which was a 1982 amendment to the Vehicle Code, supra, and which became effective in January of 1983, as applied to the instant situation, is an invalid ex post facto law in that it makes the punishment for the action of the defendant greater than when the act on which the charge is based was committed. Commonwealth v. Riley, 253 Pa.Super. 260, 384 A.2d 1333 (1978).

## ORDER

And now, April 24, 1984, for the reasons set forth in the opinion of even date attached hereto, it is ordered that judgment in the above-captioned matter be and the same is hereby arrested and the defendant, Richard L. Arnold, II, discharged.