546 A.2d 1336

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* George W. Manuel, Appellee.

Submitted on briefs July 6, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Lawrence R. Wieder,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Francis A. Zulli, Dils, Dixon & Zulli,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 6, 1988:

The Department of Transportation, Bureau of Driver Licensing (Department) revoked George W. Manuel's operator's license for two years pursuant to Section 1543(c)(2) of the Vehicle Code[1] for driving while his license was revoked. The Cumberland County Common Pleas Court sustained Manuel's appeal in part by

---

[1] 75 Pa. C. S. §1543(c)(2).

limiting the new revocation period to six months. Section 1532(b)(2).[2] DOT appeals; we affirm.

Manuel's license was suspended for six months on March 28, 1984. Because he failed to reapply for a learner's permit after that period expired, Section 1541(c),[3] Manuel's driving privileges were not restored until August 5, 1987. Two months prior to that action, however, he was cited for driving with a revoked license.

At issue is whether Manuel's license should be revoked for an additional two-year period (Section 1543(c)(2)) or suspended for an additional six months (Section 1532(b)(2)).

Section 1543(a) provides:

> (a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and *before the operating privilege has been restored* is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(Emphasis added.)

Manuel violated this provision by driving "before the operating privilege had been restored."

Subsection (c)(2) thereof continues:

> (2) If the department's records show that the person *was under revocation on the date of violation*, the department shall revoke the person's operating privilege for an additional two-year period.

(Emphasis added.)

---

[2] 75 Pa. C. S. §1532(b)(2).

[3] 75 Pa. C. S. §1541(c).

Section 1532(b)(2) provides an alternative penalty, which reads:

> (2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:
>
> . . . .
>
> Section 1543 . . . .

The Department argues that a revocation continues indefinitely until restoration is effectuated, while Manuel counters that revocation terminates on a specific date (*i.e.*, the end of his original six-month period) but that restoration does not occur until department regulations are complied with.

The distinction argued by Manuel is supported by *Commonwealth v. Parfitt*, 286 Pa. Superior Ct. 279, 428 A.2d 991 (1981). Revocation and suspension periods must end on a date certain. *Id.* However, the Department argues that a 1986 amendment to Section 1543 eliminated the *Parfitt* exception.[4] We disagree.

---

[4] The amendment read as follows:

**1986 Legislation**

The 1986 amendment, in subsec. (a) substituted 'after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored' for 'at a time when their operating privilege is suspended, revoked or recalled' and rewrote subsec. (c), which previously read:

'(c) Extending existing suspension or revocation.—The department; upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. If the conviction was upon a charge of driving while the operating privilege was revoked, the department shall revoke the operating privilege for an additional period of one year.'

By delineating in Section 1543(a) that driving "before the operating privilege has been restored," the legislature clearly intended that such action would be penalized. However, the onset and expiration dates of suspension and revocation periods must still be recognized.

Manuel's initial revocation was only for a six-month period. His license has not yet been restored and hence Section 1543(a) was violated. Section 1543(c)(2) provides an additional two-year revocation period only when a license is under revocation on the date of violation. Manuel was cited here almost three years after his *formal* revocation period had expired. We hold that the trial court properly applied Section 1532(b)(2) because it provides for a six-month suspension period where an individual is cited for driving prior to restoration of a license, although the full revocation period has been served.

Finding no error of law, we affirm the order of the common pleas court.

### ORDER

The order of the Cumberland County Common Pleas Court, No. 3207 Civil 1987 dated January 7, 1988, is affirmed.