557 A.2d 54

Garson Mark Caruso, alias dictus, Garcon Mark Caruso, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs August 9, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Bernard S. Shire,* with him, *Mark J. Shire, Shire &
Bergstein,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with
him, *Harold H. Cramer,* Assistant Chief Counsel, with
him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE COLINS, April 10, 1989:

The present matter was initially decided by this
Court in an unreported decision in *Caruso v. Pennsylva-
nia Department of Transportation,* (No. 671 C.D. 1988,
filed November 15, 1988) *(Caruso I)*. However, subse-
quent to that case being submitted for our review, but
prior to the filing of our decision therein, this Court
issued its decision in *Department of Transportation,
Bureau of Driver Licensing v. Manuel,* 119 Pa. Common-
wealth Ct. 264, 546 A.2d 1336 (1988) which conflicted
with the decision in *Caruso I*. Accordingly, appellant,
Garson Mark Caruso, alias dictus, Garcon Mark Caruso
petitioned for reconsideration of his case so that the
conflict between *Manuel* and *Caruso I* could be resolved.

The pertinent facts are as follows. Because appellant
had accrued seven (7) points on his driving record in
1981, he was required by the Department of Transporta-
tion (Department) to take and pass a special examination.
As he failed to pass the examination, he was informed by
the Department on August 12, 1982, that his operating
privilege was suspended until he passed the examination.

Appellant was then cited on December 10, 1982, for
driving while under suspension pursuant to Section 1543
of the Vehicle Code (Code), 75 Pa. C. S. §1543.[1] Upon

---

[1] Section 1543 provides:
(a) Offense defined.—Except as provided in subsection (b),
any person who drives a motor vehicle on any highway or

receiving appellant's certified record of conviction, the Department revoked his operating privilege for a period of six (6) months on March 25, 1983. Subsequent to the expiration of the six-month period, appellant took no action to have his operating privilege restored.

On June 28, 1987, appellant was cited for driving while his operating privilege was revoked pursuant to Section 1543 of the Code. Subsequent to his guilty plea to this charge, the Department notified him on November 4, 1987, that his operating privilege was revoked for a period of two (2) years. Appellant filed an appeal and a hearing *de novo* was held before the Court of Common Pleas of Washington County. The trial court dismissed appellant's appeal by order dated February 19, 1988, and it is from this order that appellant brings this appeal.

The trial court found that the Department had met its burden of proving that appellant pled guilty to driving while his license was under revocation, and that he was under revocation as of the date of the violation. Therefore, the trial court found that the Department acted

---

trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and *before the operating privilege has been restored* is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

. . .

(c) Suspension or revocation of operating privilege.—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show the person was under suspension ... on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period. (Emphasis added.)

properly in revoking appellant's operating privilege for two (2) years, as provided in Section 1543(c)(2) of the Code, 75 Pa. C. S. §1543(c)(2).

The issue presented is whether appellant should have received a two-year revocation of his operating privilege pursuant to Section 1543 (c) (2) of the Code or a six-month suspension pursuant to Section 1532(b)(2) of the Code, 75 Pa. C. S. §1532(b)(2), when his initial revocation period had expired but he had not taken steps to restore his license.

In *Manuel,* Manuel's operating privilege was revoked for six months beginning on March 28, 1984. Although the revocation period expired, he failed to restore his operating privilege until August 5, 1987. Two months prior to the restoration of his operating privilege, however, Manuel was cited for driving with a revoked license and the Department imposed a two-year revocation of his license pursuant to Section 1543(c)(2).

On appeal, the trial court applied Section 1532 (b)(2)[2] and limited Manuel's new revocation to six months. The Department appealed that decision. This Court noted that revocation and suspension dates must end on a date certain, citing *Commonwealth v. Parfitt,* 286 Pa. Superior Ct. 279, 428 A.2d 991 (1981). Accordingly, we concluded that Section 1532(b)(2) was properly applied to Manuel's case, since Section 1532(b)(2) provides for a six-month suspension period in situations where a driver

---

[2] This section provides an alternative from the penalty provided in Section 1543(c)(2) which controls when a person was *under* revocation on the date of a violation. Section 1532(b)(2) provides in pertinent part:

(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

. . .

Section 1543 . . . .

was cited for driving prior to restoration of a license, although the revocation period had expired.

Based upon the foregoing, we adopt the reasoning of *Manuel* in the instant matter. Although *Manuel* involved driving while under revocation and the instant matter involves driving while under suspension, it is clear that both revocations and suspensions must end on a date certain, *Manuel*; *Parfitt*, and should receive equal treatment in cases such as the present matter.

Because appellant was cited four years after his revocation had expired, we hold that the Department should have applied the six-month alternative penalty provided by Section 1532(b)(2) of the Code.

Accordingly, we vacate this Court's previous order, reverse the order of the trial court and remand to the Department for a recomputation of the penalty to be imposed against appellant.

ORDER

AND NOW, this 10th day of April, 1989, the order of November 15, 1988 at No. 671 C.D. 1988 is hereby vacated. The order of the Court of Common Pleas of Washington County in the above-captioned matter is reversed and the Department of Transportation is directed to recompute the suspension period in accordance with this opinion.

Jurisdiction relinquished.