572 A.2d 791

**COMMONWEALTH of Pennsylvania**

v.

**Kimberly Anne McCROSSON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1989.

Filed April 17, 1990.

Aaron M. Matte, Allentown, for appellant. (submitted)

Gregory D. Anthony, Asst. Dist. Atty., Warren, for Com., appellee.

Before BROSKY, WIEAND and JOHNSON, JJ.

PER CURIAM:

After appealing from a finding of a district justice and receiving a trial de novo before a court of common pleas, Kimberly Anne McCrosson was found guilty of operating a motor vehicle after her operating privileges had been revoked and before they were restored, a violation of 75 Pa.C.S. § 1543(a). On direct appeal from the judgment of sentence imposed by the trial court, McCrosson contends that the evidence failed to establish a violation of the statute. We disagree and affirm the judgment of sentence.

Appellant failed to file post-trial motions. Generally, post-trial motions are essential to preserve issues for appellate review. See: *Commonwealth v. Hollingsworth,* —— Pa. ——, 569 A.2d 947 (1990) (when appealing a summary conviction, post-trial motions must be filed to preserve issues for appeal). Here, however, the trial court failed to

advise appellant of the need to file post-trial motions in order to preserve issues for appeal. Under these circumstances, the failure to file post-trial motions did not constitute a knowing waiver of the right to appellate review. See: *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981).

On August 5, 1988, appellant was the driver of a motor vehicle which was involved in an intersection accident in Tunkhannock Township, Monroe County. When the accident was investigated by a member of the Pennsylvania State Police, appellant was unable to produce a driver's license. Her operating privileges had been revoked for a period of six (6) months, effective May 19, 1987, and had not thereafter been restored. She was cited for violating 75 Pa.C.S. § 1543(a), which provides, in pertinent part, as follows:

> [A]ny person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

 Appellant argues that she did not commit a violation of this provision of the Vehicle Code because the six (6) months' revocation of her operating privileges had expired before the date of the accident. This was a valid argument under a prior provision of the Vehicle Code which made it a summary offense to "drive[ ] a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled." See: *Commonwealth v. Fay,* 320 Pa.Super. 399, 467 A.2d 384 (1983); *Commonwealth v. Parfitt,* 286 Pa.Super. 279, 428 A.2d 991 (1981). The statute was amended prior to the issuance of appellant's citation, however, to make it an offense to operate a vehicle at any time prior to the restoration of the driver's operating privilege. Whether the period of revocation had expired is relevant only to determine the period of the additional suspension to be imposed by the department

of transportation upon conviction. See: *Caruso v. Commonwealth, Department of Transportation,* 125 Pa. Commw. 54, 557 A.2d 54 (1989); *Commonwealth, Department of Transportation v. Manuel,* 119 Pa.Commw. 264, 546 A.2d 1336 (1988).

Following expiration of the period of appellant's revocation, she made no effort to obtain a restoration of her operating privilege. She failed to supply, inter alia, proof of financial responsibility. Therefore, her privilege was not restored, and she could not legally operate a motor vehicle.

Appellant has attached to the brief filed in this Court certain documents suggesting that she may have begun proceedings to obtain a reinstatement of her operating privilege. These documents were not placed in evidence in the trial court and may not be considered by this Court in conducting appellate review. *Woolard v. Burton,* 345 Pa. Super. 366, 373, 498 A.2d 445, 448 (1985); *McFarlane v. Hickman,* 342 Pa.Super. 240, 248 n. 4, 492 A.2d 740, 744 n. 4 (1985); *Spain v. Vincente,* 315 Pa.Super. 135, 144 n. 3, 461 A.2d 833, 838 n. 3 (1983). Moreover and in any event, these documents do not alter the fact that appellant's operating privilege had not been restored on August 5, 1988.

The judgment of sentence is affirmed.