597 A.2d 267

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Brenda FORD–BEY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1991.

Decided Sept. 9, 1991.

346

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Montgomery County that reversed a DOT decision revoking the driving privileges of Brenda Ford–Bey for two years for an alleged second violation of § 1543 of the Vehicle Code,[1] driving while operating privileges are suspended or revoked. We reverse and remand the case.

Because § 1543 imposes a harsher penalty on a driver who operates his vehicle while his license is revoked rather than suspended, the salient issue in this case is whether Ford–Bey's license was suspended or revoked at the time of that second § 1543 violation.

Consequently, we must decide whether the trial court erred in determining that DOT did not satisfy its burden of proving that Ford–Bey's license was *revoked* at the time of her second § 1543 violation, whether the trial court erred in determining that Ford–Bey's license was *suspended* at the time of her second § 1543 violation and whether the trial court erred in not subjecting Ford–Bey's license to a further suspension or revocation.

Because Ford–Bey was convicted of every offense listed below, we identify the offenses by the date of commission of her violation, not by the conviction date.

The facts in this case, as found by the trial court, are as follows. DOT first suspended Ford–Bey's license, effective December 10, 1985, for violating 75 Pa.C.S. § 1533, failing to respond to a citation. On December 15, 1985, five days after the effective date of that suspension, Ford–Bey operated her vehicle and therefore violated 75 Pa.C.S. § 1543,

1. Act of 1976, June 17, P.L. 162, No. 81, 75 Pa.C.S. § 1543.

driving while operating privileges are suspended or revoked, so that DOT revoked Ford–Bey's license, effective March 12, 1987, for six months pursuant to 75 Pa.C.S. § 1543(c)(1). Section 1543(c)(1)'s original penalty called for a six-month revocation. The General Assembly amended § 1543 in 1986 and changed the penalty to a one-year suspension, but because the violation occurred when the original penalty was in effect, DOT imposed a six-month revocation (*see Saron v. Commonwealth,* 55 Pa.Commonwealth Ct. 477, 423 A.2d 1099 (1980)).

On December 17, 1986, Ford–Bey violated 75 Pa.C.S. § 3322, failure to yield to oncoming traffic when making a left turn, and DOT imposed a fifteen-day add-on suspension to the March 12, 1987 six-month revocation. On March 15, 1988, Ford–Bey violated 75 Pa.C.S. § 1543 again for a second time. DOT's records indicate DOT reinstated Ford–Bey's license April 2, 1988. Upon receiving notice of Ford–Bey's conviction for the second § 1543 violation, DOT revoked Ford–Bey's license for two years pursuant to § 1543(c)(2), effective May 13, 1988.

DOT's revocation of Ford–Bey's license, effective May 13, 1988, for two years as noted previously, was pursuant to 75 Pa.C.S. § 1543(c), which states, in relevant part:

(c) **Suspension or revocation of operating privilege.**— Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's record show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period.

Ford–Bey appealed the two-year revocation to the court of common pleas. Ford–Bey argued that, at the time of her second § 1543 violation, her license was under suspension,

not revocation. The trial court, exercising its de novo review, held a hearing and overturned DOT's decision.

The trial court found that DOT did not meet its burden of proving that Ford–Bey's license, at the time of her March 15, 1988 violation, was revoked. The trial court stated that Ford–Bey's license at the time of her March 15, 1988 violation was suspended because DOT had suspended Ford–Bey's license for an indefinite period on December 10, 1985. In its opinion, the trial court stated, "the previous suspension period was for an indefinite period and there is nothing in the record to demonstrate [that this] suspension was ever completed. Thereafter it would remain to be in effect on March 15, 1988." If Ford–Bey's license was suspended at the time of her second § 1543 violation, the Vehicle Code mandates a one-year suspension under § 1543(c)(1). However, the trial court imposed no penalty at all upon Ford–Bey. The trial court stated in its opinion:

The possibility of modifying DOT's Order was raised privately by the Court prior to the taking of testimony and even conceded by Appellee on the record....

Nevertheless, DOT refused to accept such a modification from the Court....

... Had the department indicated such a willingness, this Court would happily have complied and drafted an Order imposing the one-year suspension.

■ DOT now appeals to this court,[2] seeking to overturn the trial court's decision not to impose a suspension or revocation of Ford–Bey's license.

### 1. Status of Ford–Bey's License at the Time of Her Second § 1543 Violation

■ After Ford–Bey's first § 1543 violation, DOT sent to Ford–Bey an official notice which explained DOT's proce-

---

**2.** Our scope of review is limited to determining whether the findings of fact of the trial court are supported by substantial evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *Swift v. Department of Transportation,* 121 Pa.Commonwealth Ct. 135, 550 A.2d 272 (1988).

dures for restoring her license. That notice stated that DOT revoked Ford–Bey's license for six months effective March 12, 1987. At the bottom of the notice, the letter stated "credit will not begin until license is received by bureau." The trial court, relying upon the effective date on the notice, stated that the first § 1543 revocation ran from March 12, 1987 to September 12, 1987. Thus, the trial court concluded that Ford–Bey's license was not revoked when she committed the second § 1543 violation on March 15, 1988.

However, DOT argues that the trial court used the wrong standard for determining when Ford–Bey's revocation commenced. DOT cites *Commonwealth v. MacSherry*, 371 Pa.Superior Ct. 164, 537 A.2d 871 (1988), for the proposition that the commencement of a revocation period begins *when the driver surrenders her license.*

■ In *MacSherry*, the issue was whether a motorist could drive after DOT suspended his license but before he mailed his license to DOT. The court, relying upon 75 Pa.C.S. §§ 1540, 1541, held that the motorist's suspension becomes *effective* either from the effective date on the suspension notice or on the date the license is returned to DOT, whichever occurs first. The *commencement* of the revocation or suspension period (the period credited toward the driver suspension or revocation) occurs when the driver sends her license to DOT. Sections 1540(b) and 1541(a) state, in relevant part:

§ 1540. **Surrender of license**

. . . .

(b) **Suspension, revocation or disqualification of operating privilege.**—Upon the suspension or revocation of the operating privilege or the disqualification of the commercial operating privilege of any person by the department ... suspension, revocation or disqualification shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first.

## § 1541. Period of revocation or suspension of operating privilege

(a) Commencement of period.—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to surrender of license). No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be.

Therefore, because the revocation period begins only when the driver surrenders her license to DOT, the trial court erred in calculating the commencement period from the effective date on the notice of revocation.

■ DOT argues that it proved that Ford–Bey did not return her license to DOT because the notices DOT sent to Ford–Bey included the notation "License not Received." Additionally, DOT argues that, at the hearing, Ford–Bey did not present a receipt indicating DOT received Ford–Bey's license. However, Ford–Bey testified that she sent her license to DOT in January, 1987, and did not regain possession until March, 1988.

The trial court did not focus on when, if ever, Ford–Bey mailed her license to DOT. Thus, the trial court did not make a specific finding regarding the credibility of Ford–Bey's testimony or DOT's evidence. If the trial court accepts the testimony of Ford–Bey, then DOT possessed Ford–Bey's license throughout the entire year of 1987, and Ford–Bey's six-month revocation and fifteen-day suspension would have commenced in January, 1987, and would have been completed well before the March 15, 1988 violation. If Ford–Bey's license was neither revoked nor suspended on March 15, 1988, there could have been no violation of § 1543, because a § 1543 violation is a violation for driving while a license is suspended or revoked.

Therefore, the trial court must make a specific finding determining whether Ford–Bey mailed her license to DOT,

and if so, when. Accordingly, this case will be remanded so that the trial court may make such a finding.

## 2. Penalty

█ If the trial court determines Ford–Bey's license was neither revoked nor suspended on March 15, 1988, there is no penalty under § 1543. However, 75 Pa.C.S. § 1532 mandates a six-month suspension if the driver's license is neither suspended nor revoked but not yet restored.

In *Caruso v. Department of Transportation*, 125 Pa.Commonwealth Ct. 54, 557 A.2d 54, this court characterized § 1532(b)(2) as an alternative penalty to § 1543, stating that § 1543 applies when a motorist operates a vehicle while under revocation or suspension, and § 1532(b)(2) applies when a motorist's revocation or suspension period has run but the motorist has not taken steps to restore his license. DOT records indicate Ford–Bey's license was not restored until April 2, 1988. Section 1532 states, in relevant part:

§ 1532. **Revocation or suspension of operating privilege**

(b) **Suspension.—**

. . . .

(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

. . . .

Section 1543. . . .

Alternatively, if the trial court determines that Ford–Bey did not return her license to DOT, then the trial court must apply the penalty provision of § 1543(c)(2), because DOT's revocation, effective March 12, 1987, would still be in effect.

In its opinion, the trial court stated that Ford–Bey's license was suspended at the time of the March 15, 1988 violation because DOT suspended Ford–Bey's license indefinitely on December 10, 1985. However, DOT's records indicate DOT restored Ford–Bey's license on January 22,

1986. Thus, if Ford–Bey did not mail her license to DOT, DOT's March 12, 1987 revocation would have been in effect on the date of the violation, March 15, 1988.

Accordingly, the decision of the trial court is reversed and this case is remanded for a specific finding regarding whether Ford–Bey sent her license to DOT and if so, when, and for the imposition of a penalty consistent with this opinion.

### ORDER

NOW, September 9, 1991, the order of the Court of Common Pleas of Montgomery County, No. 88–17109, dated June 5, 1990, is reversed and the case remanded to the trial court so the trial court may make a finding whether Ford–Bey mailed her license to DOT, and, if so, when. The trial court is then directed to remand to the Department of Transportation to recompute Ford–Bey's penalty in accordance with this opinion.

Jurisdiction relinquished.