Michael DRUDY

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 2002.

Decided April 5, 2002.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE McGINLEY, Judge, LEAVITT, Judge, and DOYLE, Senior Judge.

OPINION BY Senior Judge DOYLE.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County that sustained Michael Drudy's appeal from a two-year revocation of his operating privileges. We reverse the order of the trial court.

In a letter dated January 19, 2001, DOT notified Drudy that his driving privileges would be revoked for two years, effective February 23, 2002, because of his conviction on November 6, 2000, for a violation of Section 1543 of the Vehicle Code (Code), 75 Pa.C.S. § 1543 (Driving while operating privilege is suspended or revoked),[1] which violation occurred on June 2, 2000.[2] Drudy filed a timely statutory appeal from his revocation with the trial court.

---

1. Section 1543 provides, in pertinent part, as follows:

   **Driving while operating privilege is suspended or revoked**

   (a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

   (b) **Certain offenses.**

   (1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 or suspended under section 1581 (relating to Driver License Compact) for an offense substantially similar to a violation of section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

   (2) This subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). This provision shall also apply until the person has had the operating privilege restored. This subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731 or for an out-of-State offense that is substantially similar to a violation of section 3731 for which a revocation is imposed under section 1581 (relating to Driver License Compact).

   (c) **Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

   (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall *suspend* the person's operating privilege for an additional one-year period.

   (2) If the department's records show that the person was under *revocation* on the date of violation, and had not been restored, the department shall *revoke* the person's operating privilege for an additional two-year period.

   75 Pa.C.S. § 1543 (emphasis added).

2. This revocation would not go into effect until February 23, 2002 because Drudy had also been convicted of driving under the influence on November 6, 2000, and the one-year

At the hearing, the trial court accepted into evidence a packet of certified documents offered by DOT. These documents were offered as evidence that Drudy had been convicted of violating Section 1543(b) of the Code, 75 Pa.C.S. § 1543(b), and that DOT had notified him of the imposition of a two-year revocation of his operating privileges. The documents were also offered to show that Drudy's operating privilege was revoked at the time of his June 2, 2000, violation because his operating privilege had been revoked for the first time on June 8, 1983, and had not been restored until November 28, 2000, several months following the June 2, 2000, violation. These documents were admitted into evidence without objection.

Drudy's counsel, without offering any evidence, simply argued that, at the time of Drudy's June 2, 2000, violation, Drudy had been removed from his status as a "habitual offender,"[3] and therefore Drudy's operating privilege was suspended and not revoked; accordingly, he argued, Drudy's operating privilege, which is the subject of this appeal, should have been only suspended for one year and not revoked for two years. The trial court sustained the appeal, stating, in pertinent part, as follows:

> Counsel for the defense argued that because of Legislative Act 143[4] this Defendant should have been removed from habitual offender status; the result be-

ing that only a one-year suspension would be applied. The Department made no statements for or against this interpretation and this court agreed with the Defendant's position.

(Trial Court Opinion) (footnote added).

■ The issue before us is whether the trial court committed reversible error in ordering DOT to impose a one-year suspension of Drudy's operating privileges rather than a two-year revocation,[5] and that answer depends upon whether Drudy's operating privilege was "revoked" or "suspended" on June 2, 2000, the date he was cited for driving while his license was suspended or revoked, which resulted in his November 6, 2000, conviction for violating Section 1543(b) of the Code.[6]

■ Where a suspension or revocation is imposed under Section 1543(c) of the Code, 75 Pa.C.S. § 1543(c), DOT has the burden of establishing that, at the time of the violation, an individual's operating privilege was indeed suspended or revoked. *Department of Transportation, Bureau of Driver Licensing v. Diamond,* 151 Pa.Cmwlth. 351, 616 A.2d 1105 (1992), *appeal dismissed,* 539 Pa. 382, 652 A.2d 826 (1995). Therefore, it was DOT's burden in the present case to present evidence establishing that Drudy's operating privilege was indeed revoked at the time of his June 2, 2000, violation. The packet of

---

suspension for that offense was not scheduled to end until February 23, 2002.

**3.** "Habitual offender" is defined by Section 1542 of the Code, 75 Pa.C.S. § 1542, as any person whose driving record shows three convictions of certain enumerated offenses committed within a five-year period of time.

**4.** Act of December 12, 1994, No. 143, P.L. 1048 (Act 143). *See* Historical and Statutory Notes following 75 Pa.C.S. § 1542 in the main volume.

**5.** Our standard of review is whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Todd v. Department of Transportation, Bureau of Driver Licensing,* 555 Pa. 193, 723 A.2d 655 (1999); *Department of Transportation, Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 684 A.2d 539 (1996).

**6.** We note that Drudy does not deny that he committed the Section 1543(b) violation.

documents offered into evidence by DOT to meet its burden included Drudy's Certified Driving History.

An examination of Drudy's driving record reveals a long history of violations that led to numerous revocations and suspensions of his operating privilege, a summary of which is as follows:

| Violation | Violation Date | Conviction Date | Result |
|---|---|---|---|
| § 1543 | 1/20/82 | 4/4/83 | 6–month revocation |
| § 1543 | 12/24/81 | 10/23/84 | 6–month revocation |
| § 1543 | 4/18/84 | 10/23/84 | 6–month revocation |
| § 1543 | 1/28/84 | 4/29/87 | 5–year revocation |
| § 1543 | 11/17/89 | 1/12/90 | 2–year revocation |
| § 1543 | 5/17/89 | 4/20/90 | 2–year revocation |
| § 1543 | 1/14/93 | 4/15/93 | 5–year revocation |
| § 1547 | 12/24/98 | | 1 year suspension |
| § 3731 | 12/24/98 | ARD | 30–day suspension |
| § 3731 | 6/2/00 | 11/6/00 | 1–year suspension |
| § 1543(b) | 6/2/00 | 11/6/00 | 2–year revocation |

■ (*See* Appellant's Brief at 11; Original Record, Certified Driving History). DOT argues that because Drudy's operating privilege had been revoked on June 8, 1983, **and was not restored until November 28, 2000,** several months after Drudy's Section 1543(b) violation, Drudy's operating privilege was to be treated as a revocation for purposes of applying an additional two-year revocation under Section 1543(c) of the Code. We agree.[7]

It is well settled that a licensee whose operating privilege is under revocation may not have his privilege automatically restored; the licensee must apply to DOT and be approved for such restoration. Section 1541(c) of the Code, 75 Pa.C.S. § 1541(c); *see Commonwealth v. Ungar,* 190 Pa.Super. 43, 151 A.2d 782 (1959).

7. We note that the trial court did not address this issue although it was argued by DOT. Instead, the trial court decided the case based on its belief that Drudy had been removed from habitual offender status and was, therefore, under a suspension and not a revocation at the time of his Section 1543(b) violation. Although our decision today is admittedly on other grounds, we merely wish to point out that there is no record evidence that Drudy ever applied for removal from habitual offender status and such an application appears to be the requirement under Act 143, which amended, *inter alia,* Section 1542 of the Code, 75 Pa.C.S. § 1542 (relating to revocation of habitual offender's license). The language of Act 143 as it applies to habitual offender status provides as follows:

For drivers who were designated as habitual offenders prior to the effective date of this amendatory act and who would no longer be designated as habitual offenders under the provisions of this act, the department **may** remove these drivers from habitual offender status and require only that they complete the other sanctions associated with those convictions. *Such persons may petition the department for removal from habitual offender status and, if they are eligible for removal shall no longer be designated as habitual offenders.*

Act of December 12, 1994, No. 143, P.L. 1048, Section 4(b) (emphasis added).

Drudy's attorney's bald assertion, and the trial court's reliance thereon, that Act 143 automatically removed Drudy from habitual offender status is palpably incorrect. Act 143 does not operate to automatically remove a driver from habitual offender status or to automatically transform certain revocations into suspensions.

Previous cases have held, however, that the period of suspension or revocation must be definite and, if a licensee is caught driving following the period of revocation but prior to restoration of the operating privilege, the licensee could not be considered to be driving while the privilege was either "suspended" or "revoked" but was simply considered to be driving prior to restoration of the operating privilege. *Department of Transportation, Bureau of Driver Licensing v. Ford–Bey*, 142 Pa. Cmwlth. 345, 597 A.2d 267 (1991); *Caruso v. Department of Transportation*, 125 Pa. Cmwlth. 54, 557 A.2d 54 (1989), *appeal denied*, 525 Pa. 588, 575 A.2d 117 (1990); *Department of Transportation, Bureau of Driver Licensing v. Manuel*, 119 Pa. Cmwlth. 264, 546 A.2d 1336 (1988), *appeal denied*, 521 Pa. 624, 557 A.2d 727 (1989).

This line of cases began with the holding in *Commonwealth v. Parfitt*, 286 Pa.Super. 279, 428 A.2d 991, 993 (1981), that an individual may not be convicted of driving while his operating privilege is suspended or revoked "where the period of revocation has ended even though his operating privileges have not been reinstated." *Parfitt* specifically addressed a prior version of Section 1543(a) of the Code, 75 Pa.C.S. § 1543(a), that was later amended in 1986. The 1986 amendment apparently superseded *Parfitt* by changing the language of Section 1543(a) from "any person who drives a motor vehicle ... *at a time when their operating privilege is suspended, revoked or recalled* is guilty ...," to "any person who drives a motor vehicle ... *after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored* is guilty...." Act of December 11, 1986, P.L. 1530, section 4; *see Commonwealth v. McCrosson*, 392 Pa.Super. 261, 572 A.2d 791 (1990). In *Manuel*, however, this Court relied on *Parfitt* and rejected the argument that it had been superseded by the 1986 amendment.

In *Manuel*, we were asked to determine whether an individual should be subjected to an additional two-year revocation of his operating privilege under Section 1543(c)(2) of the Code when the individual is cited for driving with a revoked license following the "formal" period of revocation but prior to restoration of his operating privilege. Citing *Parfitt* for support, we determined that the 1986 amendment did not change the need for specific commencement and expiration dates of suspension and revocation periods. However, we determined that, pursuant to the 1986 amended language of Section 1543(a), a violation had occurred because the individual's operating privilege had not yet been restored. Having reached this determination, we then discussed the proper penalty to be imposed by DOT. Turning to the then existing language of Section 1543(c)(2), we determined that it applied only when a licensee was under the proscribed period of revocation, not to the period following revocation up to restoration. We then held that the proper penalty to be imposed by DOT when an individual is cited for driving while his operating privilege is suspended or revoked, following the period of suspension or revocation but prior to restoration of his operating privilege, was a six-month suspension under Section 1532(b)(2) of the Code. Following *Manuel*, we reached similar holdings in *Caruso* and *Ford–Bey*. Since our decision in these cases, however, the Code has been significantly amended.

In 1994, the Pennsylvania General Assembly enacted Act 143, which amended, *inter alia*, sections 1532 and 1543 of the Code. Prior to the 1994 amendment to Section 1532(b)(2), it provided that

[t]he department shall suspend the operating privilege of any driver for six-months upon ... conviction of a subsequent offense under ... Section 1543 (relating to driving while operating privilege is suspended or revoked).

The amendment, however, eliminated the applicability of Section 1532(b)(2) to violations of Section 1543 and modified it to apply only to violations under Section 1501 of the Code, 75 Pa.C.S. § 1501, which relates to individuals driving without a license at all. The amendment then changed Section 1543(c) by simply adding the phrase "and had not been restored" such that the section now provides as follows:

(c) **Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

. . . .

(2) If the department's records show that the person was under revocation on the date of violation, **and had not been restored,** the department shall revoke the person's operating privilege for an additional two-year period.

75 Pa.C.S. § 1543(c). From the 1994 amendments, it is apparent that the legislature acted with the intent of requiring an additional two-year revocation of an individual's operating privilege where that individual had his operating privilege revoked and, prior to restoration of his operating privilege, was subsequently cited for violating Section 1543 (Driving while operating privilege is suspended or revoked should be subject to an additional two-year revocation).

Applying this analysis to the present case, we note that Drudy's operating privilege was first revoked as a result of a conviction on April 4, 1983. The effective date of that revocation was June 8, 1983. Drudy's operating privilege was not restored until November 28, 2000. Thus, on the date of the relevant violation, June 2, 2000, Drudy's operating privilege had not been restored following the revocation of June 8, 1983, and, for purposes of Section 1543(c), it would still be consider "revoked." DOT met its burden of establishing that Drudy's operating privilege was revoked when it presented evidence of Drudy's prior revocation and lack of restoration prior to Drudy's June 2, 2000, violation. Therefore, the trial court erred when it reduced Drudy's two-year revocation to a one-year suspension.

Accordingly, we reverse the order of the Court of Common Pleas.

### ORDER

**NOW,** this 5th day of April, 2002, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed, and the two-year revocation of Michael Drudy's operating privileges is reinstated.