580 A.2d 1194

COMMONWEALTH of Pennsylvania, DEPARTMENT OF
TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Stephen J. CABLE, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 27, 1990.

Decided Oct. 12, 1990.

476

William A. Kuhar, Jr., Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

No appearance for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) suspended the operating privilege of Stephen J. Cable for fifteen days as an add-on suspension pursuant to Section 1544(a) of the Vehicle Code, 75 Pa.C.S. § 1544(a),[1] because Cable accumulated three points while under a period of suspension. The Court of Common Pleas of Allegheny County sustained Cable's appeal of the add-on suspension, and DOT appealed to this Court. The order of the trial court is affirmed.

On September 26, 1986, Cable was issued a citation for violating Section 3112(a) of the Vehicle Code, 75 Pa.C.S.

---

**1.** Section 1544(a) provides:

> When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

§ 3112(a), (failing to stop at a red light). Cable failed to respond to the citation; and on July 28, 1988, DOT mailed notice to Cable that his operating privilege would be suspended on August 17, 1988 pursuant to Section 1533 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1533, unless and until he responded to the citation, either by scheduling a hearing to contest the violation or by paying the fine.[2] Although Cable testified that he never received DOT's notice, he paid all fines and costs for the Section 3112(a) violation on September 29, 1988 following his receipt of a separate notice from the State Police concerning his suspension. N.T., p. 4. Because Cable's payment of the fine and costs amounted to a guilty plea,[3] DOT assigned three points to Cable's record. Further, because Cable's operating privilege had not been restored by the time the points were assigned, DOT notified Cable that his privilege was being suspended for an additional fifteen days pursuant to Section 1544(a) of the Vehicle Code.

The trial court found, however, that the Section 1533 suspension of Cable's operating privilege terminated upon his payment of the fines and costs of the original violation. Because points for the Section 3112(a) violation were assigned only after Cable paid the fine, the trial court reasoned that the penalty provisions of Section 1544(a) did not apply since Cable's operating privilege was no longer under suspension. In support, the trial court cited this Court's opinions in *Department of Transportation, Bureau of Driver Licensing v. Manuel,* 119 Pa. Commonwealth Ct. 264, 546 A.2d 1336 (1988), *appeal denied,* 521 Pa. 624, 557 A.2d 727 (1989), and *Caruso v. Department of Transportation,* 125 Pa. Commonwealth Ct. 54, 557 A.2d 54 (1989), *appeal denied,* 525 Pa. 588, 575 A.2d 117 (1990), and the related Superior Court case, *Commonwealth v. Parfitt,* 286

**2.** Section 1533 provides in relevant part: "The department shall suspend the operating privilege of any person who has failed to respond to a citation to appear before a court of competent jurisdiction ... upon being duly notified in accordance with general rules...."

**3.** "A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty." 75 Pa.C.S. § 6501(b).

Pa. Superior Ct. 279, 428 A.2d 991 (1981) (superseded by statute as stated in *Commonwealth v. McCrosson,* 392 Pa. Superior Ct. 261, 572 A.2d 791 (1990)). In these cases it was held that suspensions or revocations of operating privileges have a prescribed period that must end on a date certain. In this case, the trial court held, the termination date coincided with Cable's response to the citation.

On appeal, DOT raises the following related issues: (1) whether DOT properly suspended Cable's operating privilege pursuant to Section 1544(a) for accumulating three points during a period of suspension, and (2) whether the trial court erred as a matter of law in determining that Cable was no longer under suspension once he responded to the citation. Particularly, DOT argues that an operating privilege is not automatically restored after a period of suspension when the operator performs a mandatory act, such as responding to a citation, but that the operator and DOT are required to take certain affirmative steps before the operating privilege is restored, including the operator's payment of a twenty-five dollar restoration fee.[4] *See Department of Transportation v. Happe,* 111 Pa.Commonwealth Ct. 532, 534 A.2d 576 (1987). Further, DOT argues that the trial court's reliance on *Manuel, Caruso and Parfitt* is misplaced. DOT argues that in each of these cases, the period of revocation or suspension was definite (i.e., six months), in contrast to the present case in which Cable's suspension was for an indefinite period in accordance with the provisions of Section 1533.

The trial court, however, correctly interpreted the law. A period of suspension is a distinct condition under the Vehicle Code (as is a period of revocation) and is not identical to any or all periods of time when operating privileges have been lost or are unavailable and have not yet been restored. *See, e.g.,* Section 1543(a) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1543(a) ("any person who drives a motor vehicle on any highway or trafficway of this

---

**4.** This is the only affirmative step that DOT mentioned at hearing and in its brief.

Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege *and* before the operating privilege has been restored is guilty of a summary offense.") (Emphasis added.)[5] *See also Manuel, Caruso* and *Happe. Manuel* and *Caruso* make it clear that periods of suspension or revocation have onset and expiration dates and must end on a date certain.

■ Further, Section 1533, under which Cable's operating privilege was suspended, provides for a definite termination date for a suspension upon an operator's compliance with that section's provisions, and reads in pertinent part: "The suspension [imposed for failing to respond to a citation] shall be for an indefinite period *until such person shall respond and pay any fines and penalties imposed."* (Emphasis added.) Pursuant to this provision, Cable's suspension terminated when he paid the fines and costs imposed for his violation of Section 3112(a). Therefore, because points for that violation were not assigned until after Cable paid the fines and costs (and indeed could not be assigned until Cable's guilt was established), Section 1544(a) does not apply. Cable was not under a period of suspension when the points were assigned. In fact, as the trial court noted, DOT's own correspondence to Cable indicated that his suspension would remain in effect only until Cable responded to the Section 3112(a) citation. Further, DOT released Cable from his suspension on the date he paid the fine and costs. Department of Transportation Certification Statement. Accordingly, the trial court correctly ruled that DOT erred in imposing an incremental suspension pursuant to Section 1544(a).

## ORDER

AND NOW, this 12th day of October, 1990, the order of the Court of Common Pleas of Allegheny County, dated March 15, 1989, is hereby affirmed.

5. Section 1543(a) was amended in 1986 by substituting the language "after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored" for "at a time when the operating privilege is suspended, revoked or recalled."