860 A.2d 64

**Angela Lynne ROSSI, Appellee,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 2003.

Decided Oct. 20, 2004.

---

Timothy P. Wile, Esq., Harold H. Cramer, Esq., Andrew S. Gordon, Esq., Harrisburg, for Bureau of Driver Licensing.

Jon Dwight Yoder, Esq., for Angela Lynne Rossi.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

### OPINION

Justice EAKIN.

The Department of Transportation appeals from the reversal of Angela Lynn Rossi's driver's license suspension. Rossi's license was suspended pursuant to 75 Pa.C.S. § 1543(c)(1),

based on a finding she drove while her operating privileges were suspended for a violation of 75 Pa.C.S. § 1543(a).[1]

Rossi's driving privileges were suspended for 15 days, effective August 31, 1999, for a March 11, 1999 speeding violation. An additional 15–day suspension, effective September 15, 1999, was added for a June 22, 1999 stop sign violation. On November 18, 1999, she was stopped and charged with violating § 1543(a) for driving while her operating privileges were suspended or revoked. On February 16, 2000, a district justice convicted her of violating § 1543(a). Following her conviction, the Bureau notified Rossi her driving privilege would be suspended for one year pursuant to § 1543(c)(1).

Rossi appealed her § 1543(a) conviction and subsequent license suspension under § 1543(c)(1) to the Court of Common Pleas of Lancaster County, pursuant to 75 Pa.C.S. § 1550(a). At the hearing, Rossi testified she surrendered her license prior to August 31, 1999, and did not operate a vehicle from August 31, 1999, through September 30, 1999. She believed her operating privileges were automatically restored following the expiration of the 30–day period of suspension. The Bureau asserted Rossi's privileges were still suspended on November 18, 1999, because she had not complied with its administrative process and paid a $ 25 restoration fee. The trial court reversed Rossi's summary conviction for § 1543(a), reasoning that § 1543(c) applies only to violations which occur when a motorist's license is within the original term of suspension. Since Rossi was cited after the term of suspension ended, the court determined she was not subject to § 1543(c)(1), despite her failure to restore her license.

1. Section 1543(a) states:
   1543. Driving while operating privilege is suspended or revoked
   (a) Offense defined.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $ 200.
   75  Pa.C.S. § 1543(a).

On appeal, the Commonwealth Court affirmed, holding the 1994 amendment to § 1543(c)(1) by the General Assembly accomplished nothing to alter the law as set forth in *Caruso v. PennDOT*, 125 Pa.Cmwlth. 54, 557 A.2d 54 (1989), and *Penn-DOT v. Manuel*, 119 Pa.Cmwlth. 264, 546 A.2d 1336 (1988). Both interpreted § 1543(c)(1) prior to its 1994 amendment, and held that suspension or revocation must end on the date stated without further action from the individual under suspension. Therefore, the Commonwealth Court determined Rossi could not be penalized under § 1543(c)(1) because her operating privileges were restored by operation of law when her suspension ended September 30, 1999.

Prior to 1994, § 1543(c) read:

1543. Driving while operating privilege is suspended or revoked

\* \* \*

(c) Suspension or revocation of operating privilege.—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

75 Pa.C.S. § 1543(c)(1) (1987). The amendment added the phrase "and had not been restored," such that § 1543(c)(1) now provides, "[i]f the department's records show that the person was under suspension, recall or cancellation on the date of violation, *and had not been restored,* the department shall suspend the person's operating privilege for an additional one-year period." 75 Pa.C.S. § 1543(c)(1)(emphasis added).

■ The Commonwealth Court recognized § 1543's amended language, but refused to give it effect: "[w]e do not know why this phrase was inserted into the statute but it was not put there to change the effect of anything we said in *Manuel* or *Caruso.*" *Rossi v. PennDOT*, 798 A.2d 801, 802 (Pa.

242

Cmwlth.2002). We cannot agree with the Commonwealth Court's analysis.

One must first look to what the legislature actually said before evaluating what it meant to say; only if the former is unclear does the latter become relevant. However, the post-amendment language here is not so clear as to avoid the need for clarification. First, there is the basic grammar of the amendment which, as phrased, modifies "person," not privilege. However, the prior language also referenced the person, not privilege, and no one can seriously contend the section refers to suspension of the person him or her self, rather than suspension of the person's operating privileges.

The placement of the phrase is also problematic, for it comes after the requirement of suspension on the date of violation, and begins with "and" rather than "or"; one could easily read it as creating an additional element of the offense. That is, it may be read to mean the Department must still show a suspension on the date of violation, and also show that the person (privilege) had not been restored. However, read this way, the amendment is surplusage; obviously, if the privileges were suspended on the date of violation, by definition the privileges could not have been restored.

The interpretation of the amendment as mere surplusage is counter to the very basic proposition that the legislature did not add it to perform a meaningless act. 1 Pa.C.S. § 1922(1). While it would have been better to place the amendment before the words "date of violation" rather than after, this is not fatal to understanding the amendment's purpose. Clearly the amendment recognizes the need to take affirmative steps pursuant to 75 Pa.C.S. § 1960 and 75 Pa.C.S. § 1783 to restore one's operating privileges, and states that the failure to do so makes the operator subject to the penalties of § 1543(c). The Commonwealth Court's suggestion that the amendment's purpose, purportedly unknown but specifically not meant to address its case law on restoration, is in error. Indeed, we must conclude it could have been for no other purpose.

■ It is well settled that a court analyzing a statute must presume the General Assembly did not intend to perform a useless act. 1 Pa.C.S. § 1922(1); *St. Joseph Lead Co. v. Potter Township,* 398 Pa. 361, 157 A.2d 638, 642 (1959). Furthermore, § 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(2), states the General Assembly intends the entire statute to be certain and effective. Therefore, individual statutory provisions must be construed with reference to the entire statute of which they are a part, and the entire statute is presumed to be certain and effective, not superfluous and without import. *Ieropoli v. AC & S Corp.,* 577 Pa. 138, 842 A.2d 919, 929 (2004); *Commonwealth v. Gilmour Manufacturing Co.,* 573 Pa. 143, 822 A.2d 676, 679 (2003).

The legislature has mandated that certain administrative requirements be satisfied before an individual's driving privileges can be restored. Specifically, § 1960 of the Vehicle Code provides:

> The department *shall* charge a fee of $ 25 or, if section 1786(d) (relating to required financial responsibility) applies, a fee of $ 50 to restore a person's operating privilege or the registration of a vehicle following a suspension or revocation.

75 Pa.C.S. § 1960 (emphasis added). In some instances, a driver seeking restoration must provide the Bureau with proof of current financial responsibility pursuant to 75 Pa.C.S. § 1783:

> Whenever the department suspends or revokes the operating privilege of any person or the registration of any vehicle pursuant to section 1532 (relating to revocation or suspension of operating privilege), 1542 (relating to revocation of habitual offender's license), 1772 (relating to suspension for nonpayment of judgments), 1784 (relating to proof of financial responsibility following violation) or 1785 (relating to proof of financial responsibility following accident), or upon receiving the record of a conviction or forfeiture of bail, the department *shall not* restore the operating privilege or the

applicable registration until the person furnishes proof of financial responsibility.

75 Pa.C.S. § 1783 (emphasis added).

If a driver's operating privileges are restored automatically by operation of law once the time-certain suspension period passes, then administrative restoration provisions such as § 1960 and § 1783 are rendered meaningless. Adding language that adds only lip service to a meaningless restoration procedure could not have been the General Assembly's intent. 1 Pa.C.S. § 1921(a); *Berger v. Rinaldi*, 438 Pa.Super. 78, 651 A.2d 553, 557 (1994) (legislature is presumed not to have intended its statutes to contain mere surplusage).

Therefore, we hold the Commonwealth Court erred in adhering to the pre-amendment decisions in *Manuel* and *Caruso*. In light of the language added, § 1543(c)(1) requires an individual to complete the proper administrative steps after a statutory suspension has ended before being entitled to drive without restriction. Since Rossi failed to take these administrative steps to allow PennDOT to restore her driving privileges, it was proper for the Bureau to impose an additional one-year suspension for her violation of § 1543(c)(1).

Order reversed; jurisdiction relinquished.

Former Justice LAMB did not participate in the decision of this case.