COMMONWEALTH of Pennsylvania, Respondent,

v.

Anthony WILLIAMS, Petitioner.

Supreme Court of Pennsylvania.

Nov. 17, 2004.

---

**10.** The Estate requested at oral argument that we consider abandoning the *Anderson* waiver principle and urged us to join those jurisdictions that allow a decedent's representative to engage in discovery, having embraced the position that such a party should not be put to choosing between the benefits of a dead man's statute and the right to use discovery procedures. *See, e.g., Taylor v. Taylor*, 643 N.E.2d 893 (Ind.1994); *McGugart v. Brumback*, 77 Wash.2d 441, 463 P.2d 140 (1969); *Banaszkiewicz v. Baun*, 359 Mich. 109, 101 N.W.2d 306 (1960). We decline to do so presently inasmuch as consideration of the *Anderson* rule is not necessary to resolving this particular case.

**11.** We observe that the Superior Court's determination that the trial court's error prejudiced the Estate was limited to the informed consent claim that Mrs. Schroeder brought against the Estate, and did not include a determination as to whether the error also prejudiced the Estate with respect to Mrs. Schroeder's negligence claim. Nevertheless, we conclude that the verdict in its entirety must be vacated because the jury found in Mrs. Schroeder's favor and against the Estate without making any distinction between the informed consent and negligence claims.

## ORDER

PER CURIAM.

**AND NOW,** this 17th day of November, 2004, the Petition for Allowance of Appeal is hereby granted, the order of the Superior Court is vacated, and the case is remanded to the Superior Court for consideration of this Court's decision in *Rossi v. Commonwealth of Pennsylvania, Dep't of Transp.,* —— Pa. ——, 860 A.2d 64 (2004).