**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Anthony WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 2004.

Filed March 22, 2005.

Gerald V. Benyo, Jr., Beaver, for appellant.

Ahmed T. Aziz, Asst. Dist. Atty., Beaver, for Com., appellee.

BEFORE: KLEIN, BENDER and BOWES, JJ.

OPINION BY KLEIN, J.:

¶ 1 This case has returned to us on remand from the Supreme Court to be decided in light of the Court's recent decision in *Rossi v. Com. of Pa., Dept. of Trans.,* —— Pa. ——, 860 A.2d 64 (2004). While the Supreme Court's decision in *Rossi* does not reject the position we took in our initial opinion, it does not address an issue raised by defendant Anthony Williams in the present case.

¶ 2 In our original opinion, we noted that this Court had rejected the Commonwealth Court's holding in *Rossi,* which found that when a license suspension period expired, the license was automatically restored by operation of law. That is the

position that was recently reversed by the Pennsylvania Supreme Court.[2]

¶ 3 However, Williams raises an additional issue dealing with the interpretation of the term "restored." Williams claims that following the expiration of the suspension period, as soon as he had completed all the administrative steps necessary to restore his license, his license should be considered restored. Williams claims his license should be considered "restored" even before the Pennsylvania Department of Transportation had reviewed his paperwork and sent him a letter advising him that he can legally drive again. This issue was not covered in the Pennsylvania Supreme Court's *Rossi* decision.

▬ ¶ 4 In our initial opinion, we held that for a license to be "restored," a letter must be sent by PennDOT and received by the driver notifying him that it was legal for him to drive again. We still hold to that belief, and therefore the reasoning and result of our initial opinion remains. Since an allowance of appeal was granted

in this case, and the matter has been vacated and remanded to this Court, our first opinion is a nullity. Therefore, while recognizing that our initial opinion has already been published in the bound version of the official reporter, it is necessary to repeat most of the opinion.

¶ 5 On April 11, 2001, Anthony Williams had his license suspended for one year and was incarcerated for 48 hours for driving under the influence (DUI), 75 Pa.C.S.A. § 3731. On October 11, 2002, Williams was convicted for driving under suspension [3] after an officer cited him for running a stop sign. While Williams claims he had completed all the necessary paperwork to have his driving privileges restored from the 2001 conviction, he was still waiting for the official reinstatement of his privileges from the Bureau of Driver Licensing (the Bureau) at the time of the stop sign violation.[4] As a result, the trial court sentenced him to the mandatory $1,000 fine, with costs, and to serve 90 days in prison effective June 10, 2003.[5]

**2.** Had the Commonwealth Court been affirmed in *Rossi*, our initial opinion would clearly have been in error.

**3.** *See* 75 Pa.C.S.A. § 1543(a) which states, in relevant part:

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and **before the operating privilege has been restored** is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) **Certain offenses. —**

(1) *Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 or be cause of a violation of section 1547(b)(1) or 3731 shall, upon con-*

viction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. § 1543(a), (b) (emphasis added).

**4.** The Bureau's certified driving history records, dated *10/15/2002*, indicate that on *10/11/2002* Williams' operating privileges were restored. There is no indication that official notice had been sent, however, as of that date. Moreover, in its brief, the Commonwealth contends that Williams failed to prove that he paid to have his license reinstated. The record is unclear as to whether this fee was in fact paid. In any event, Williams' license had not been formally restored as of the date he committed the instant traffic violation.

**5.** In September 2003 the trial court deferred Williams' jail sentence pending the outcome of his appeal, indicating that he was "released on his own recognizance." *See* Order of Court, 9/22/2003.

¶6 While Williams makes creative and interesting arguments on appeal, they fall short and afford him no relief under the law. Accordingly, we affirm.

¶7 First, Williams concedes that we are bound by *Commonwealth v. Byrne*, 815 A.2d 637 (Pa.Super.2002), and other DUI-suspension cases [6] of this Court that hold that even where a defendant's suspension period has expired, one's license must be restored in order to allow him or her to legally operate a vehicle. Thus, Williams initially did not dispute the principle later affirmed by the Pennsylvania Supreme Court in *Rossi*.

¶8 In *Rossi*, the Supreme Court affirmed the principle we followed in our initial opinion, holding that an individual whose license has been suspended under 75 Pa.C.S.A. § 1543(b) [7] must complete the proper administrative steps after a statutory suspension period has expired in order to be entitled to drive without restriction. *Id.* at 67. Mere expiration of the suspension period does not automatically restore one's driving privileges.

¶9 Williams attempts to distinguish this line of cases by saying that in his situation he did everything required to restore his driving privileges, while the defendants in the other cases never took the steps to have their licenses restored, but merely relied upon the fact that the suspension period had expired prior to their driving. While Williams contends the only reason his license privileges were not restored is that the bureaucracy had not processed his paperwork, neither section 1543(a) nor *Byrne* make that situation an exception to the general rule that one's privileges must be formally restored in order to legally operate a vehicle.

¶10 By analogy, we point to the recognized rule as to when a driver's license suspension period commences. Licensing bureau records indicate that a suspension period does not begin from the date that a defendant is convicted of a crime warranting license suspension, but rather from the date that notice is given to the defendant that his or her license will be suspended. For instance, in this case Williams was convicted of DUI on 4/1/01 and official notice was mailed to him on 8/21/01 that his one-year suspension would take effect on 8/23/01. So, just as formal notice given by the Bureau triggers the effective date of a suspension period, so should receipt of formal notice of restoration trigger the effective date of restoration of one's operating privileges.

¶11 Here, Williams was cited for going through a stop sign on 9/25/02 and Bureau records indicate that his license was re-

6. *See Commonwealth v. Paxson*, 825 A.2d 1285 (Pa.Super.2003); *see also Commonwealth v. Downs*, 739 A.2d 569 (Pa.Super.1999); *Commonwealth v. Tharp*, 724 A.2d 368 (Pa.Super.1999).

7. *See* 75 Pa.C.S.A. § 1543(a) which states, in relevant part:

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and **before the operating privilege has been restored** is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) **Certain offenses.** —(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 or because of a violation of section 1547(b)(1) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. § 1543(a), (b) (emphasis added).

stored on 10/11/02. So, while Williams alleges in his brief that by 9/24/02 he had completed all the paperwork necessary to restore his license, actual restoration was not even noted on his driving record until more than one week later. When notice was sent is not even indicated on the record. In fact, as of the date of the offense Williams alleges he had only received notice of completion of his DUI treatments. Therefore, we find no merit to this claim. *See Paxson, supra* (affirming defendant's judgment of sentence where defendant's citation for a subsequent violation of Section 1543(a) occurred before date scheduled for the restoration of his driving privileges as indicated on his certified driving history record).

¶ 12 Finally, we are not persuaded by Williams' argument that unless he was "otherwise directed by a uniformed police officer or any appropriately attired person authorized to direct, control, or regulate traffic," he did not violate the Vehicle Code.[8] Specifically, he contends that this factor is an element of the offense under section 3111 and that, as such, it was the Commonwealth's burden to prove that he was not directed by a police officer while approaching the stop sign. While this may seem to be a crafty reworking of the statutory language of section 3111, we are not inclined to accept its absurd result. As the trial court and 75 Pa.C.S.A. § 3323 note, the duties at stop signs include: (1) stopping at a clearly marked stop line or intersection before entering it; (2) having a clear view of approaching traffic or yielding the right-of-way to any pedestrian in a crosswalk; (3) slowly pulling forward from stopped position to see clear view of approaching traffic; (4) and entering the intersection when it is safe to do so. The **exception** to following these duties is where an officer or authorized person has directed traffic in contravention of the normally observed procedure attendant to a traffic-control device. In other words, it would be an affirmative defense to a violation under section 3111 to prove that one had actually been "otherwise directed" to not obey the traffic rules. Having neither alleged nor proven this defense, Williams' argument fails.

¶ 13 Judgment of sentence affirmed.

---

8. 75 Pa.C.S.A. § 3111 states:

(a) GENERAL RULE.—Unless otherwise directed by a uniformed police officer or any appropriately attired person authorized to direct, control or regulate traffic, the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title, subject to the privileges granted the driver of an emergency vehicle in this title.