Ezra J. BURGESS

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 2009.

Decided March 25, 2010.

Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Scott T. Williams, Williamsport, for appellee.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and BUTLER, Judge.

OPINION BY President Judge LEADBETTER.

The Department of Transportation, Bureau of Driver Licensing (PennDOT), appeals from an order of the Court of Common Pleas of Lycoming County (trial court), which sustained the statutory appeal of Ezra J. Burgess from a fifteen-day add-on suspension of his motor vehicle operating privilege imposed under Section 1544(a) of the Vehicle Code, 75 Pa.C.S. § 1544(a).[1] On appeal, the issue is whether Burgess' operating privilege was suspended when PennDOT assigned three points to his record for his convictions of the underlying violations of the Vehicle Code, thereby requiring PennDOT to impose a fifteen-day add-on suspension. After review, we conclude that PennDOT met its burden of proof to establish that the add-on suspension was properly imposed, and we reverse.

On April 19, 2007, Burgess received a citation for speeding and driving an unregistered vehicle. Burgess did not respond

---

1. Section 1544(a) provides:
   (a) Additional point accumulation.—When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

to the citation. On June 14, 2007, Penn-DOT mailed Burgess a notice stating that his operating privilege would be suspended indefinitely effective July 5, 2007, unless he responded to the citation before that date. On August 16, 2007, Burgess paid the fine for his citation; thus, he was considered convicted of the charges in the citation on that date.

On August 24, 2007, PennDOT notified Burgess that his operating privilege was suspended for fifteen days, effective on August 24, 2007, because he was convicted of an offense while his operating privilege was suspended. Burgess appealed to the trial court, which held a *de novo* hearing.

Prior to the trial court's decision, on November 2, 2007, Burgess paid a fee to restore his suspended operating privilege pursuant to Section 1960 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1960, which provides: "[PennDOT] shall charge a fee of $25 ... to restore a person's operating privilege or the registration of a vehicle following a suspension or revocation." In 2008, the trial court rescinded Burgess' fifteen-day suspension, concluding that under *Department of Transportation v. Cable,* 135 Pa.Cmwlth. 475, 580 A.2d 1194 (1990), Burgess' initial suspension ended on August 16, 2007, when he paid the fine for his conviction and that PennDOT, therefore, could not add-on a fifteen-day suspension because his license was not suspended when he was convicted.

PennDOT appealed to this court, arguing that the trial court erred in determin-

ing Burgess' suspension for failure to respond to the citation ended when he paid the fine for the citation. PennDOT contends that when Burgess was convicted on August 16, 2007, it properly imposed the additional fifteen-day suspension because his conviction required imposition of three points on his driving record. Under Section 1544(a), when an individual's operating privilege is suspended and he commits an infraction accumulating a point on a driving record, PennDOT is required to impose a five-day suspension for each point. PennDOT asserts that for Burgess to have his operating privilege reinstated, he had to comply with Section 1960, which he did well after PennDOT imposed the add-on suspension.

Burgess argues that under Section 1533(d) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1533(d),[2] and *Cable,* his suspension for failing to respond to the speeding citation ended when he paid the fine on August 16, 2007. Burgess contends that PennDOT may not further suspend his operating privilege under Section 1544 because he did not accumulate any points on his driving record until he was convicted of speeding on August 16, 2007.

In *Cable,* Stephen Cable was issued a citation for failing to stop his vehicle at a red light. He did not to respond to the citation and PennDOT suspended his motor vehicle operating privilege. Cable then paid the fine for the citation and was convicted of the minor offense.[3] PennDOT

---

**2.** 1533(d) of the Vehicle Code provides:

(d) Period of [operating privilege] suspension.—The suspension shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines and penalties imposed or enter into an agreement to make installment payments for the fines and penalties imposed provided that the suspension may be reimposed by [PennDOT] if the defendant fails

to make regular installment payments and, if applicable, pay the fee prescribed in [S]ection 1960 (relating to reinstatement of operating privilege or vehicle registration).

**3.** *See* Section 6501(b) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 6501(b), which provides that: "A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty."

assigned three points to Cable's driving record and notified him that his operating privilege would be suspended for fifteen additional days under Section 1544(a) because he was convicted of an offense while his operating privilege was suspended.

This court in *Cable* relied on the prior versions of Section 1533 [4] and Section 1543 [5] of the Vehicle Code, and determined that a suspension period was for a definite time. Therefore, the court determined that Cable's suspension expired when he paid the fine for his citation. Ultimately, the court concluded that Cable was not under suspension when points were assigned to his record; thus, PennDOT could not impose a fifteen-day additional suspension under Section 1544(a). *Cable*, 580 A.2d at 1195–96.

PennDOT, however, argues that the *Cable* decision does not govern the instant case. The General Assembly amended Section 1533 and Section 1543 [6] to their current versions after the *Cable* decision. The current version of Section 1533(d) ex-

panded the language of the prior version of Section 1533 to require an individual to restore one's license under Section 1960.

Burgess, however, argues that the current version of Section 1533(d) performs two functions: (1) it provides that a suspension expires when the applicable fine and/or penalty for a citation is paid; and (2) PennDOT may reimpose the suspension, for example, if the restoration fee pursuant to Section 1960 is not paid.

In *Rossi v. Department of Transportation, Bureau of Driver Licensing*, 580 Pa. 238, 860 A.2d 64 (2004), our Supreme Court reviewed the 1994 amendment to Section 1543, 75 Pa.C.S. § 1543, a similar add-on suspension provision. Section 1543(c)(1) provides that:

(c) Suspension or revocation of operating privilege.—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

---

**4.** The prior version of Section 1533 provided that:

The department shall suspend the operating privilege of any person who has failed to respond to a citation to appear before a court of competent jurisdiction of this Commonwealth or of any state for violation of this title, other than parking, upon being duly notified in accordance with general rules. There shall be 15 days to respond to such notification before suspension is imposed. The suspension shall be for an indefinite period until such person shall respond and pay any fines and penalties imposed. Such suspension shall be in addition to the requirement of withholding renewal or reinstatement of a violator's driver's license as prescribed in [S]ection 1503(c) (relating to persons ineligible for licensing).

**5.** The prior version of Section 1543 provided that:

(c) Suspension or revocation of operating privilege.-Upon receiving a certified record of the conviction of any person under this

section, the department shall suspend or revoke that person's operating privilege as follows:
(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

**6.** Section 1543(c)(1) of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1543(c)(1), provides: "If [PennDOT's] records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period." *See also* Section 1543(a) of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1543(a) (operating a vehicle after an operating privilege suspension, but before restoration of one's operating privilege, is a summary offense).

(1) If the department's records show that the person was under suspension, recall, or cancellation on the date of violation, *and had not been restored,* the department shall suspend the person's operating privilege for an additional one-year period.

75 Pa.C.S. § 1543(c)(1) (emphasis added). The 1994 amendment added the "and had not been restored" language. 580 Pa. at 241, 860 A.2d at 65–66. Our Supreme Court held that as a result of the addition of this language, a driver's operating privileges are not automatically restored by operation of law once the time-certain suspension period expires. 580 Pa. at 244, 860 A.2d at 67. Rather, a driver is required to satisfy the requirements of administrative restoration provisions such as Section 1960, 75 Pa.C.S. § 1960, before being entitled to drive without restriction. *Id.* Thus, our Supreme Court determined that under Section 1543(c)(1) of the Vehicle Code, an individual's motor vehicle operating privilege may be suspended for one year if that individual operated a motor vehicle following the expiration of suspension period without first completing the administrative steps necessary to restore one's license pursuant to Section 1960 of the Vehicle Code. *Id.*

Similarly, the Pennsylvania Superior Court addressed an operating privilege suspension issue shortly after *Rossi* was decided in *Commonwealth v. Williams,* 872 A.2d 186 (Pa.Super.2005). Williams' one-year suspension had ceased and he had allegedly completed all the necessary paperwork to have his operating privilege restored. While Williams was waiting for PennDOT to notify him that his privilege had been reinstated, he was cited for driving through a stop sign without stopping, and had his operating privilege suspended for operating a vehicle while under suspension. The Superior Court concluded that Williams could be convicted of driving under suspension although his suspension period had expired, because he had not received notice from PennDOT that it was legal for him to operate a vehicle again.

Although Burgess presents a plausible interpretation of Section 1533(d), under *Rossi* and *Williams,* Burgess' operating privilege was suspended until he paid his restoration fee as required by Section 1960. If we adopted Burgess' interpretation of Section 1533(d), then the instant case would undercut the rationale from *Rossi* and *Williams* that an operating privilege remains suspended until all administrative steps, including paying the restoration fee pursuant to Section 1960, are completed by an individual and Penn-DOT.

In conclusion, the trial court committed an error of law in interpreting the relevant statutory provisions. *See Wagner v. Department of Transportation, Bureau of Driver Licensing,* 931 A.2d 104 (Pa. Cmwlth.2007) (the interpretation of a statute is a question of law subject to plenary review). Therefore, PennDOT's imposition of the add-on suspension was proper. Accordingly, we reverse the trial court's order and reinstate the fifteen-day add-on suspension imposed pursuant to Section 1544(a), 75 Pa.C.S. § 1544(a).

### ORDER

AND NOW, this 25th day of March, 2010, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is hereby REVERSED, and the fifteen-day add-on suspension imposed by the Department of Transportation, Bureau of Driver Licensing is REINSTATED.

DISSENTING OPINION BY Judge COHN JUBELIRER.

Because I disagree with the majority's interpretation of Section 1533(d) of the

Vehicle Code, *as amended,* 75 Pa.C.S. § 1533(d), as well as its reliance on *Rossi v. Department of Transportation, Bureau of Driver Licensing,* 580 Pa. 238, 860 A.2d 64 (2004), and *Commonwealth v. Williams,* 872 A.2d 186 (Pa.Super.2005), I must respectfully dissent.

In this case, Ezra J. Burgess's (Burgess) operating privilege was indefinitely suspended, effective July 5, 2007, pursuant to Section 1533(a),[1] because he failed to timely respond to a citation that he received for speeding and driving an unregistered vehicle. Burgess paid the fine for the underlying citation on August 16, 2007, and he was deemed convicted of the charges on that date. The Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) subsequently suspended Burgess's operating privilege for an additional fifteen days, pursuant to Section 1544(a) of the Vehicle Code, 75 Pa.C.S. § 1544(a),[2] on the basis that his record showed an additional point accumulation while his operating privilege was suspended. Burgess accumulated the additional points due to his conviction for the speeding and driving an unregistered vehicle charges.

The majority opinion upholds the Department's imposition of the fifteen-day add-on suspension, concluding that, pursuant to Section 1533(d), Burgess's operating privilege remained "suspended until he paid his restoration fee as required by Section 1960 [of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1960]." *Burgess v. Department of Transportation, Bureau of Driver Licensing,* 991 A.2d 1014, 1017 (Pa. Cmwlth.2010).

I respectfully disagree with the majority's interpretation of Section 1533(d). Section 1533(d) provides:

(d) **Period of suspension.**—The suspension shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines and penalties imposed or enter into an agreement to make installment payments for the fines and penalties imposed provided that the suspension may be reimposed by the department if the defendant fails to make regular installment payments and, if applicable, pay the fee prescribed in section 1960 (relating to reinstatement of operating privilege or vehicle registration).

75 Pa.C.S. § 1533(d). Like Burgess, I believe that Section 1533(d), by its plain language, performs two functions: (1) it specifies that the indefinite suspension period provided for in Section 1533(a) ends when a licensee responds to the citation and either pays all fines and penalties imposed or enters into an agreement to make installment payments for the fines and penalties imposed; and (2) it allows the De-

---

1. Section 1533(a) provides:

    (a) **Violations within the Commonwealth.**—The department shall suspend the operating privilege of any person who has failed to respond to a citation or summons to appear before an issuing authority or a court of competent jurisdiction of this Commonwealth for any violation of this title, other than parking, or who has failed to pay any fine or costs imposed by an issuing authority or such courts for violation of this title, other than parking, upon being duly notified by an issuing authority or a court of this Commonwealth.

    75 Pa.C.S. § 1533(a).

2. Section 1544(a) provides:

    (a) **Additional point accumulation.**—When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

    75 Pa.C.S. § 1544(a).

partment to reimpose a suspension where a licensee "fails to make regular installment payments and, if applicable, pay the fee prescribed in section 1960." *Id.* Section 1533(d) does not require a licensee to restore his operating privilege in order for the statutorily imposed indefinite suspension period to end.[3]

This interpretation is supported by the fact that the words "if applicable" immediately precede the "pay the fee prescribed in Section 1960" language contained in Section 1533(d). 75 Pa.C.S. § 1533(d). Significantly, Section 1960 provides that "[t]he department *shall* charge a fee of $25 or ... $50 to restore a person's operating privilege or the registration of a vehicle following a suspension or revocation." 75 Pa.C.S. § 1960 (emphasis added). This means that the general rule is that the restoration fee is *always* applicable. Thus, under the majority's interpretation, the words "if applicable" do not have any meaning. However, Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(a), requires that a statute must "be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). I believe that the inclusion of the provision permitting a licensee to enter into an agreement to make installment

payments for the fines and penalties imposed is a clear indication that the Legislature intended to give individuals who are not financially capable of immediately paying off the full amount of the fines and penalties imposed the opportunity to have their statutorily imposed indefinite suspension period end at an earlier time. I also believe that the Legislature considered that, in some situations, a licensee who enters into an agreement to make installment payments for the fines and penalties imposed might not immediately pay the restoration fee to actually have his operating privilege restored. Therefore, in order to give meaning to the words "if applicable," I believe that the second part of Section 1533(d) should be construed as giving the Department the authority to reimpose an indefinite suspension in situations in which a licensee fails to follow through on making installment payments and fails to pay the restoration fee, if he has not already done so at an earlier time.

Moreover, while the majority relies on *Rossi* and *Williams,* I believe that such reliance is misplaced. In *Rossi,* the Pennsylvania Supreme Court upheld the Department's imposition of an additional one-year suspension, pursuant to Section 1543(c)(1) of the Vehicle Code, *as amend-*

**3.** Section 1533(d) was, as the Department points out, amended to its current form after this Court's decision in *Department of Transportation, Bureau of Driver Licensing v. Cable,* 135 Pa.Cmwlth. 475, 580 A.2d 1194 (1990). However, I do not believe that the amendments that were made to Section 1533 were intended to supersede this Court's holding in *Cable* and combine the statutorily imposed indefinite suspension period with the separate and distinct period that falls between the conclusion of an indefinite suspension and the restoration of a licensee's operating privilege. In *Cable,* this Court was faced with the same issue presented in this case, but with regard to the former version of Section 1533, which provided, in relevant part: "The suspension [imposed for failing to respond to a citation]

shall be for an indefinite period until such person shall respond and pay any fines and penalties imposed." *Id.* at 1196 (alteration in original) (emphasis omitted). Interpreting this language, this Court held that the suspension period under Section 1533 ends when a licensee responds to the citation and pays the applicable fines and penalties. *Id.* Accordingly, the Court did not allow the Department to impose additional suspension time under Section 1544(a). *Id.* The Court explained that: "A period of suspension is a distinct condition under the Vehicle Code (as is a period of revocation) and is not identical to any or all periods of time when operating privileges have been lost or are unavailable and have not yet been restored." *Id.*

*ed,* 75 Pa.C.S. § 1543(c)(1),[4] against a licensee who had operated a motor vehicle in the time period following a statutorily imposed suspension period, but prior to the restoration of the licensee's operating privilege. *Rossi,* 580 Pa. at 241–44, 860 A.2d at 65–67. In doing so, the Supreme Court relied on the language "and had not been restored," which had been added to Section 1543(c)(1) in 1994. *Id.* at 241, 860 A.2d at 65–66. Specifically, the Supreme Court stated, "[i]n light of the language added, § 1543(c)(1) requires an individual to complete the proper administrative steps after a statutory suspension has ended before being entitled to drive without restriction." *Id.* at 244, 860 A.2d at 67. Thus, it was the language "and had not been restored" added in Section 1543(c)(1) that gave the Department the authority to impose the additional suspension. In *Williams,* the Superior Court followed the Supreme Court's holding in *Rossi,* but expanded upon it by holding that a licensee is not permitted to operate a motor vehicle until he receives formal notice that his driving privilege has been restored. *Williams,* 872 A.2d at 188–89.

Here, the Department imposed additional suspension time under Section 1544(a), and not Section 1543(c)(1), as in *Rossi* and *Williams.* Section 1544(a) allows additional suspension time to be added when a licensee's record shows "an accumulation of additional points during a period of suspension or revocation." 75 Pa.C.S. § 1544(a). Importantly, Section 1544(a) does not contain the same "and had not been restored" language that was added to Section 1543(c)(1). Thus, Section 1544(a)

and Section 1543(c)(1) are materially different, and I do not believe that they were intended to be applied in the same manner. Unlike Section 1543(c)(1), which specifically gives the Department the authority to impose additional suspension time for operating a motor vehicle prior to having one's operating privilege restored, Section 1544(a) does not give the Department the authority to impose additional suspension time for points accumulated following a statutory suspension period, but prior to the restoration of a licensee's operating privilege. Therefore, *Rossi* and *Williams* do not control the outcome of this case.

Furthermore, while the purpose behind Section 1543 is to prevent a licensee from operating a vehicle during periods when he is not permitted to drive, Section 1533 serves a much different purpose; it encourages a licensee with outstanding citations to respond to those citations in a timely manner—the longer that the licensee waits to respond, the longer the indefinite suspension will continue to run. As soon as the licensee responds to the citation and pays the applicable fines and penalties, the need for the indefinite suspension ceases. Although *Rossi* and *Williams* make clear that there are additional administrative criteria that a licensee must satisfy before he may actually begin driving again without incurring an additional suspension, those cases do not provide any basis for holding that the indefinite suspension, itself, under Section 1533 must continue to run until the licensee's operating privilege has been restored. Therefore, contrary to the majority, I do not

---

4. Section 1543(c)(1) provides:

(c) **Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, *and had not been restored,* the department shall suspend the person's operating privilege for an additional one-year period.
75 Pa.C.S. § 1543(c)(1) (emphasis added).

believe that Burgess's interpretation of Section 1533 is inconsistent with *Rossi* and *Williams*.

Ultimately, given my belief that the period of Burgess's indefinite suspension under Section 1533 ended when he responded to the citation and paid the fines and penalties imposed, I do not believe that the Department had the authority to impose additional suspension time under Section 1544(a). Once Burgess responded to the citation and paid the fines and penalties imposed, the need for the indefinite suspension under Section 1533 ceased. Because Burgess did not commit any driving infractions other than the initial infractions which gave rise to the citation, there is no reason why Burgess should not have simply received the points associated with those initial infractions.

Accordingly, I respectfully dissent.

