IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Anthony Redden | : | |
| | : | |
| v. | : | No. 433 C.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | Submitted: February 24, 2023 |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                      HONORABLE ELLEN CEISLER, Judge
                      HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                                FILED:  June 21, 2023

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department), appeals from the March 25, 2021 Order of the Court of Common Pleas of Cumberland County (Trial Court) sustaining the appeal of William Anthony Redden (Licensee) and rescinding the Department's suspension of his operating privilege.  The Department argues that the Trial Court erred in: (1) disregarding the Department's evidence that Licensee was convicted of operating a motor vehicle after the commencement of a previous suspension, in violation of Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543,[1] and (2) improperly allowing

---

[1] Section 1543 of the Vehicle Code states in relevant part:

**(a) Offense defined.**— . . . [A]*ny person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense* and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

**(Footnote continued on next page…)**

a collateral attack on Licensee's conviction. Upon review, we reverse the Trial Court's Order and direct the Department to reinstate the one-year suspension of Licensee's operating privilege.

## I. Background

On December 17, 2018, Licensee was issued a speeding citation pursuant to Section 3362 of the Vehicle Code, 75 Pa.C.S. § 3362 (imposing maximum speed limits and penalties for violations). Reproduced Record (R.R.), Certified Driving History at 13. On March 22, 2019, the Department suspended Licensee's operating privilege indefinitely for his failure to respond to the December 17, 2018 citation, in violation of Section 1533 of the Vehicle Code, 75 Pa.C.S. § 1533.[2] *Id.* On April 24,

----

. . . .

**(c) Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction or adjudication of delinquency of any person under this section, [*Department*] *shall suspend or revoke that person's operating privilege as follows*:

    (1) If [the Department's] records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, [*the Department*] *shall suspend the person's operating privilege for an additional one-year period.*

75 Pa. C.S. § 1543(a) & (c)(1) (emphasis added).

[2] Section 1533 of the Vehicle Code states in relevant part:

**(a) Violations within Commonwealth.**—[*The Department*] *shall suspend the operating privilege of any person who has failed to respond to a citation or summons to appear before an issuing authority or a court of competent jurisdiction of this Commonwealth for any violation of this title*, other than parking, *or who has failed to pay any fine, costs or restitution imposed by an issuing authority or such courts for violation of this title*, other than parking, upon being duly notified by an issuing authority or a court of this Commonwealth.

**(Footnote continued on next page…)**

2019, Licensee was issued citations for improper turning in violation of Section 3331 of the Vehicle Code, 75 Pa. C.S. § 3331 (providing methods of proper turning of a motor vehicle), and for driving with a suspended license in violation of Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543. R.R., Department's Exhibit C-1 at 13. On June 27, 2019, the Department imposed an additional indefinite suspension of Licensee's license for his failure to respond to the April 24, 2019 suspensions. *Id.*

On September 21, 2020, the Department sent Licensee a letter notifying him of its intent to suspend his operating privilege for one year due to his September 11, 2020 conviction for violating Section 1543. *See* R.R., Notice of Suspension Dated and Mailed September 21, 2020. *Id.*

Licensee timely appealed to the Trial Court, which held a *de novo* hearing on March 19, 2021. *See* R.R., Item No. 5, Hearing Transcript. At the hearing, the Department submitted certified documents showing that Licensee received a citation under Section 1543 on April 24, 2019, for driving with a suspended license, and that Licensee was convicted of that offense on September 11, 2020. *Id.* at 3. The Department also submitted Licensee's certified driving history, which indicated the December 17, 2018 speeding citation as well as the April 24, 2019 citations for

---

. . . .

> **(d) Period of suspension.**—*The suspension shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines, restitution and penalties imposed* or enter into an agreement to make installment payments for the fines, restitution and penalties imposed[,] provided that the suspension may be reimposed by [DOT] if the defendant fails to make regular installment payments and, if applicable, pay the fee prescribed in [S]ection 1960 [of the Vehicle Code, 75 Pa. C.S. § 1960] (relating to reinstatement of operating privilege or vehicle registration).

75 Pa. C.S. § 1533(a) & (d) (emphasis added).

3

improper turning and driving with a suspended license. The Trial Court admitted these documents into evidence.

Testifying on his own behalf, Licensee explained that he was "originally ticketed back in 2018" but that he "failed to pay the ticket, so [his] license was suspended when [he] got pulled over again in 2019." *Id.* at 4. However, Licensee also testified that he "paid all of those tickets" and served what he described as two one-year suspensions. *Id.* Licensee further testified that "in the beginning of 2020 or end of 2019," he was placed on a payment plan by Magisterial District Judge (MDJ) Christopher Delozier, which required him to make payments on outstanding fines until "November or December of 2020." *Id.* at 8-9, 11. After making two payments of approximately $300 and "one of maybe [$]400 or [$]500," Licensee testified, he was able to satisfy his obligations by August of 2020, several months early. *Id.* Consequently, Licensee testified that his operating privilege was restored in January 2021. *Id.* at 9.

Following Licensee's testimony, the Department asked the Trial Court to refer to its certified documents, which showed that Licensee was not convicted of violating Section 1543 until September 11, 2020. *Id.* at 9-10. The Department's counsel expressed incredulity that a court could set up a payment plan in 2019 or early 2020, long before the conviction at issue had occurred. *Id.* at 10. Furthermore, the Department's counsel argued that the first of Licensee's suspensions was not a one-year suspension, but an indefinite suspension, which remains in place until a restoration has occurred. *Id.* at 12. The Department's counsel maintained that, despite Licensee's testimony to the contrary, his operating privilege was never restored because he never responded to the December 17, 2018 speeding ticket. *Id.*

4

In response, the Trial Court asked the Department's counsel: "I'm trying to wrap my head around this. How could he get an indefinite suspension if he is on a payment plan?" *Id.* at 6. The Department's counsel responded that he did not know. *Id.* In order to clarify what occurred before the MDJ, the Trial Court referred to its docket.[3] The Trial Court stated that the MDJ docket indicated that Licensee had entered a guilty plea, but it did not mention any payment plan. *Id.* at 10-11. Nevertheless, the Trial Court accepted Licensee's testimony that he had completed two one-year suspensions of his license and concluded that the Department's documents were in error:

> I am saying the Department or [the MDJ] Delozier made a mistake. They should have corrected the record when he started making his payments and entered the guilty plea then. That's what I'm saying. He's been under suspension for the failure to respond for two years when, in fact, he responded.

*Id.* at 13.

The Department maintained that its certified documents are "entitled to a presumption of correctness," which can be overcome only by "clear and convincing evidence." *Id.* at 13. The Department further argued that Licensee had submitted to the Trial Court "no documents at all," but "merely [his] self-serving testimony," which was insufficient to satisfy his burden of proof. *Id.*

The Trial Court did not address the Department's arguments, but simply announced the following Order on the record[4]:

---

[3] Although the Trial Court stated that it reviewed the MDJ docket at the hearing, the MDJ docket is not part of the record before this Court.

[4] While the Trial Court announced its order at the March 19, 2021 hearing, the written order was not docketed until March 25, 2021. *See* R.R., Item No. 9.

5

AND NOW, this 19th day of March, 2021, after hearing, we find by clear and convincing evidence that [Licensee] responded to the speeding citation issued on December 17, 2018, and to the driving under suspension and improper turn citations filed on April 24, 2019, sometime shortly after the April 24, 2019, offense. We are satisfied that he entered into a payment plan with the [MDJ] sometime shortly after that date. The Department records should have been corrected to show guilty pleas on those citations, but due to a breakdown in the [MDJ's] office they were not. [Licensee] has, in effect, served a suspension from March 22, 2019, through January 20, 2021. He was entitled to get his license back on January 27, 2020. Consequently, the appeal is sustained, and the additional suspension is rescinded.

*Id*. at 13-14.

In its subsequent Pa.R.A.P. 1925(a) Opinion, the Trial Court explained that it found Licensee's testimony "credible." *See* Department's Brief (Br.), Appendix A, 1925(a) Opinion at 4. Accordingly, the Trial Court found that Licensee had "responded to both citations in the spring of 2019" and that he had "entered guilty pleas to both and set up a payment plan for fines and costs." *Id.* at 3. The Trial Court reiterated its conclusion that the Department's records were "incorrect," as they showed details regarding Licensee's driving history that were contradicted by Licensee's credible testimony. *Id.* at 4. The Trial Court noted that Licensee's testimony "was further corroborated by the MDJ docket, which indicated that he had been on a monthly payment plan."[5] *Id.* This appeal followed.[6]

---

[5] The opinion does not mention the Trial Court's earlier observation that the MDJ docket makes no indication of a payment plan. *See* R.R., Item No. 5, Hearing Transcript at 11.

[6] Our review is limited to determining whether the Trial Court's findings were supported by substantial evidence, whether an error of law was committed, or whether the Trial Court abused its discretion. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

6

## II. Issues

On appeal, the Department argues that the Trial Court erred in sustaining Licensee's statutory appeal because the Department proved that Licensee was convicted of violating Section 1543 and Licensee failed to establish by clear and convincing evidence that he was not so convicted. In addition, the Department argues that the Trial Court improperly allowed Licensee to collaterally attack his conviction in a civil license suspension proceeding.

## III. Discussion

When a license suspension is based on a conviction, the only issues that may be considered on appeal are: (1) whether the licensee was actually convicted; and (2) whether the Department acted in accordance with applicable law in imposing the suspension. *Dep't of Transp., Bureau of Driver Licensing v. Barco*, 656 A.2d 544, 546 (Pa. Cmwlth. 1994). Once the Department establishes a *prima facie* case that a licensee was convicted, the burden shifts to the licensee, who must prove by clear and convincing evidence that the conviction did not occur. *Dick v. Dep't of Transp., Bureau of Driver Licensing*, 3 A.3d 703, 707 (Pa. Cmwlth. 2010). Clear and convincing evidence is defined as "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing*, 755 A.2d 100, 102 n.6 (Pa. Cmwlth. 2000). Whether evidence meets the "clear and convincing" standard is a question of law. *Fell v. Dep't of Transp., Bureau of Motor Vehicles*, 925 A.2d 232, 239 (Pa. Cmwlth. 2007).

Here, the Department admitted into evidence certified documents showing that Licensee was cited for driving with a suspended license under Section 1543 on April 24, 2019, and was convicted of the offense on September 11, 2020. The

7

Department thereby established a *prima facie* case that Licensee's operating privilege had been properly suspended based on that conviction. To overcome the Department's *prima facie* case, Licensee was required to establish by clear and convincing evidence that he was *not* convicted of violating Section 1543.

In this case, we conclude that Licensee has failed to meet the burden required of him. Examples of evidence that this Court has described as clear and convincing include testimony by court personnel that records showing a conviction are inaccurate, *Mateskovich*, 755 A.2d at 102; or a certified copy of a licensee's acquittal, *Department of Transportation, Bureau of Driver Licensing v. Diamond*, 616 A.2d 1105, 1108 (Pa. Cmwlth. 1992). By contrast, this Court has repeatedly held that uncorroborated testimony is insufficient to meet the "clear and convincing" standard. *Fell*, 925 A.2d at 239; *see also Fagan v. Dep't of Transp.*, *Bureau of Motor Vehicles*, 875 A.2d 1195, 1199 (Pa. Cmwlth. 2005) (holding that licensee's uncorroborated testimony "does not meet the strict evidentiary standard required to overcome the statutory presumption created by the Department's evidence") In this case, Licensee failed to produce official documents, or any other documents, supporting the contention that an MDJ had resolved his case prior to the September 11, 2020 conviction. *See McGonigle v. Dep't of Transp.*, *Bureau of Motor Vehicles*, 37 A.3d 1273, 1275 (Pa. Cmwlth. 2012) (holding that "testimony alone" is insufficient to support a trial court's conclusion that a licensee did not receive a cancellation of insurance). Consequently, the Trial Court erred as a matter of law when it credited Licensee's testimony over the Department's evidence.

Assuming *arguendo* that Licensee's testimony is credible, it still does not support the necessary inferences for his appeal to be sustained. For example, Licensee acknowledged his failure to respond to the December 17, 2018 ticket and

8

that his operating privilege was suspended indefinitely at the time of his April 24, 2019 citations. It is therefore undisputed that Licensee was required to complete the restoration process with the Department, including the payment of a fee,[7] before he could regain his operating privilege. *See Rossi v. Dep't of Transp., Bureau of Driver Licensing*, 860 A.2d 64, 67 (Pa. 2004) (holding that state law "requires an individual to complete the proper administrative steps after a statutory suspension has ended before being entitled to drive without restriction"); *see also Burgess v. Dep't of Transp., Bureau of Driver Licensing*, 991 A.2d 1014, 1017 (Pa. Cmwlth. 2010) (holding that the operating privilege of a licensee whose license was suspended remained "suspended until he paid his restoration fee as required by Section 1960" of the Vehicle Code). Thus, even accepting as true Licensee's testimony regarding his agreement with the MDJ, it is not possible for that discussion to have resulted in the restoration of Licensee's driving privilege.

Lastly, we conclude that the Trial Court also erred when it permitted Licensee to collaterally attack his underlying criminal conviction in a license suspension proceeding. Courts of this Commonwealth have consistently recognized that a license suspension is a collateral civil consequence of a criminal conviction and in an appeal from the suspension, a licensee may not attack the validity of the underlying conviction. *Orndoff v. Dep't of Transp.*, *Bureau of Driver Licensing*, 654 A.2d 1, 2 (Pa. Cmwlth. 1994). The Trial Court reasoned that Licensee was improperly convicted "due to a breakdown in the [MDJ's] office" and that Licensee was therefore "entitled to get his license back on January 27, 2020," eight months before his September 11, 2020 conviction. However, we conclude that the Trial

---

[7] Section 1960 of the Vehicle Code provides that the Department "shall charge a fee of $70 . . . to restore a person's operating privilege or the restoration of a vehicle following a suspension or revocation." 75 Pa. C.S. § 1960.

Court exceeded the scope of its authority. The Trial Court's role in a license suspension proceeding is limited to determining whether the licensee was actually convicted and whether the Department acted in accordance with applicable law in imposing the suspension; the Trial Court is not permitted to entertain theories of wrongful convictions. *See Dick*, 3 A.3d at 709 (explaining that, in a license suspension proceeding, the trial court "may not conduct any inquiry into whether the licensee *should* have been convicted") (emphasis in original).

### IV. Conclusion

For the foregoing reasons, we conclude that the Trial Court erred as a matter of law in sustaining Licensee's appeal. We therefore reverse its Order and direct the Department to reinstate Licensee's one-year suspension pursuant to Section 1543 of the Vehicle Code.

_____
ELLEN CEISLER, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Anthony Redden | : | |
| | : | |
| v. | : | No. 433 C.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 21st day of June, 2023, the Order of the Court of Common Pleas of Cumberland County, entered March 25, 2021, is hereby REVERSED. The Department of Transportation, Bureau of Driving Licensing, is hereby directed to reinstate the one-year suspension of William Anthony Redden's operating privilege pursuant to Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543.

_____
ELLEN CEISLER, Judge