J-S38040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
PHILLIP WLOCZEWSKI, :
:
Appellant : No. 1305 MDA 2014

Appeal from the Judgment of Sentence entered on July 22, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0001912-2013

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 30, 2015**

Philip Wloczewski ("Wloczewski") appeals from the judgment of sentence imposed following his convictions of driving under the influence of alcohol or controlled substance ("DUI"), driving while operating privilege is suspended or revoked, and accidents involving damage to unattended vehicle or property. *See* 75 Pa.C.S.A. §§ 3802(c), 1543(b)(1.1)(i), 3745. We affirm.

On February 1, 2013, Florin Hrezdac ("Hrezdac") saw Wloczewski staggering towards the bar that Hrezdac owns. Hrezdac prohibited Wloczewski from entering the bar because he was too intoxicated. Hrezdac then observed Wloczewski enter a nearby white Chevrolet van from the driver's side. Hrezdac called the police because he believed that Wloczewski was intoxicated and incapable of driving safely. Hrezdac subsequently saw

the van's engine start and pull out of the parking lot. Hrezdac observed the van strike a green Ford Taurus while leaving the parking lot. Hrezdac followed the van to its destination in his own car, after which, Hrezdac saw Wloczewski exit the van from the driver's side.

Officer Michael J. Sansosti ("Officer Sansosti") arrived at the scene and saw Wloczewski fumbling for his keys in order to enter his residence. Officer Sansosti smelled a strong odor of alcohol coming from Wloczewski. Officer Sansosti noticed that Wloczewski seemed very disoriented and was urinating and salivating on himself. Officer Sansosti also discovered that Wloczewski's license was suspended for a DUI-related offense. Wloczewski was taken into custody and transported to St. Joseph's Hospital, where he consented to blood alcohol testing. The results showed that his blood alcohol level ("BAC") was .307%. The Commonwealth charged Wloczewski with the above-described offenses.

The case proceeded to a non-jury trial before the Honorable John Boccabella on July 1, 2014. Prior to trial, the parties stipulated that Wloczewski's BAC was .307%, and that the driver of the white van struck two parked cars on February 1, 2013.[1] Wloczewski was tried and convicted of the above-mentioned charges. Judge Boccabella sentenced Wloczewski to three to six months in prison for his DUI conviction, followed by a

---

[1] Officer Sansosti was informed that Wloczeski was identified in another hit-and-run accident on February 1, 2013. Trial Court Opinion, 12/12/14, at 3.

consecutive term of ninety days confinement on the suspended license conviction.

Wloczewski filed a timely Notice of Appeal. The trial court ordered Wloczewski to file a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement. Wloczewski filed a timely Concise Statement and the trial court issued an Opinion.

On appeal, Wloczewski raises the following question for our review:

> Was the evidence in support of the charge for Driving Under the Influence of Alcohol or Controlled Substance in violation of 75 P[a.C.S.A.] § 3802(c) (DUI-highest rate[)]; Driving While Operating privilege is Suspended or Revoked in violation of 75 P[a.C.S.A.] § 1543[(b)(1.1)(i)] (driving while BAC was .02 or greater while license was suspended); and accidents involving another vehicle 75 Pa.C.S.A. § 3745 insufficient as a matter of law to support the convictions?

Brief for Appellant at 4.

The standard of review for a sufficiency of the evidence claim is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court, viewing all of the evidence and reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997). Further, the Commonwealth can sustain its burden of proving every element beyond a reasonable doubt by using wholly circumstantial evidence. *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa. Super. 2003).

- 3 -

Wloczewski contends that the evidence was insufficient to support his DUI conviction.[2] Brief for Appellant at 10. He argues that the evidence failed to demonstrate that he was actually operating the van. *Id*. at 10, 12. Wloczewski asserts that Hrezdac did not see Wloczewski in the driver's seat of the van at any time. *Id*. at 12. Wloczewski further claims that there was a woman at the scene after the accident, and Hrezdac did not know whether or not she had been in the van. *Id*. Wloczewski claims that the trial court could infer from the woman's presence that he was actually a passenger in the van, and that the woman was the driver. *Id*.

In order to sustain a conviction under 75 Pa.C.S.A. § 3802(c), the Commonwealth must prove that the defendant was operating the vehicle and that his BAC was greater than .16% within 2 hours of operating the vehicle. *See* 75 Pa.C.S.A. § 3802(c). The term "operates" necessitates evidence of actual, physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but does not require evidence that the vehicle was in motion. *Johnson*, 833 A.2d at 263. In order to find that a person had actual physical control of an automobile, a combination of the following factors is required: the motor running, the location of the vehicle, and additional evidence showing that the defendant

---

[2] Wloczewski appeals all of his convictions, alleging that the evidence was insufficient to demonstrate that he was operating the vehicle. However, for ease of disposition, we will address this claim in the context of the DUI conviction.

- 4 -

was driving.  ***Commonwealth v. Brotherson***, 888 A.2d 901, 904 (Pa. Super. 2005).

In viewing the record in the light most favorable to the Commonwealth, the evidence was sufficient to support the verdict.  Hrezdac testified that he saw Wloczewski enter the driver's side of the van.  N.T., 7/14/14, at 5.  Hrezdac then followed the van to its destination and only lost sight of the van while he was stopped at a stop sign.  ***Id.*** at 6.  When the vehicle reached its destination, Hrezdac saw Wloczewski exit the vehicle on the driver's side.  ***Id.*** at 11.  Officer Sansosti testified that when he arrived, he saw Wloczewski fumbling with his keys.  N.T., 7/1/14, at 9.  He testified that Wloczewski had a strong odor of alcohol on his breath, and was salivating and urinating on himself.  ***Id.***  After the police arrived and Wloczewski had exited the vehicle, Hrezdac observed that a woman appeared and offered to drive the car away.  N.T., 7/14/14, at 11.  While Hrezdac and Officer Sansosti did not actually observe Wloczewski at the wheel of the van while it was in motion, the circumstantial evidence, viewed in the light most favorable to the Commonwealth, was sufficient to establish that Wloczewski was driving the vehicle.

Further, the parties stipulated that Wloczewski's BAC was .307%, within two hours of operating the van.  N.T., 7/1/14, at 7.  Thus, the evidence, viewed in the light most favorable to the commonwealth, was sufficient to prove both elements of 75 Pa.C.S.A. § 3802(c).

Wloczewski also claims that since his license was only suspended for one year in 2003, there is no evidence of record demonstrating that his license was suspended on the evening in question. Brief for Appellant at 13. Therefore, Wloczewski argues, his conviction under 75 Pa.C.S.A. § 1543(b)(1.1)(i) was not proper. Brief for Appellant at 13.

Section 1543(b)(1.1)(i) states the following:

> A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02%. . .who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known The Controlled Substance, Drug, Device, and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. § 1543(b)(1.1.)(i).

Here, the Commonwealth presented evidence that Wloczewski's license had not been restored at the time of the incident. N.T., 7/1/14, at 11. A driver who operates a vehicle while his license suspension has expired, but whose license has not been restored, is prohibited from driving. ***Commonwealth v. Williams***, 872 A.2d 186, 188 (Pa. Super. 2005).

- 6 -

Further, Wloczewski was operating the vehicle. Thus, the evidence supported the suspended license conviction.[3]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015

---

[3] Wloczewski does not raise any claims regarding his conviction of accidents involving damage to unattended vehicle or property. **See** Pa.R.A.P. 2119(a) (stating that the argument section must have relevant discussion and citations for all questions argued). Nevertheless, the parties stipulated that the van hit the parked vehicles. N.T., 7/1/14, at 6. Also, as noted above, the circumstantial evidence proves that Wloczewski was operating the van.